[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12337
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00632-CR-01-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KORAK JEROME MANUEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 29, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Korak Jerome Manuel appeals his 168-month sentence, which was imposed

after he pled guilty pursuant to a written plea agreement, to seven counts of unarmed

bank robbery. On appeal, Manuel argues the following: (1) the district court erred by denying an offense-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1; and (2) the district court's sentence, which was an upward variance from the Guidelines range of 108 to 135 months' imprisonment, was unreasonable. After careful review, we dismiss in part and affirm in part.

The facts relevant to the instant sentencing claims are straightforward. On October 25, 2005, by second superceding indictment, Manuel was charged with sixteen counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(1); one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d); and one count of using and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). At Manuel's arraignment, the government moved to dismiss four of the unarmed bank robbery counts and Manuel subsequently proceeded to a jury trial on the remaining counts.

On the second day of the trial, after the government had presented the testimony of several witnesses, Manuel pled to seven counts of bank robbery, in exchange for which the government agreed to dismiss the remaining charges, which included the § 924(c) charge. The written plea agreement contained a waiver-of-appeal provision, which read as follows:

LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

At a subsequent plea colloquy, the government proffered the following factual basis for Manuel's plea. Between approximately May 29, 2003 and November 3, 2004, Manuel robbed numerous Bank of America and SunTrust branches located inside grocery stores. In total, about $70,000 in cash was stolen. During the robberies, which were recorded on surveillance tapes, Manuel wore a floppy hat and used a towel or newspaper to hide his face. Manuel was seen leaving one of the robberies in a vehicle that was traced back to him. During a subsequent search of his home, FBI agents found dye-stained money, and shirts that matched the clothing the robber was wearing in the surveillance photographs. Manuel admitted his role in the robberies and the amount of money involved, and he expressed remorse for his conduct.

After advising Manuel of his rights, and the limitations on his right to appeal, the district court accepted the guilty plea. In the course of the plea colloquy, the court advised Manuel that under the plea agreement, (1) "it's not possible to determine

3

exactly how the guidelines are going to apply to your case until a presentence report is completed, and you and the government have had the opportunity to object and challenge any facts [in the PSI]"; (2) the court "retained the authority . . . to impose a sentence that is more severe or less severe than a sentence called for by the guidelines"; and (3) Manuel was waiving his right to appeal, "which means you'll be bound by [my] decision, and you are also waiving your right to collaterally attack this sentence." Manuel indicated that he understood the provisions. The district court then accepted Manuel's guilty plea.

The probation officer prepared a presentence investigation report ("PSI"), noting that the offenses would not be grouped together. The calculations for most of the counts were the same: a base offense level of 20 under U.S.S.G. § 2B3.1, with a 2-level enhancement under U.S.S.G. § 2B3.1(b)(1) because the offense involved a financial institution. Thus, for these counts, the total adjusted offense level was 22. For the robbery charged in Count 2, the PSI included an enhancement for threat of death under U.S.S.G. § 2B3.1(b)(2)(F), in connection with a note Manuel handed to the teller. Thus, the adjusted offense level for that count was 24. Pursuant to the multiple-count adjustment of U.S.S.G. § 3D1.4, Manuel's combined offense level was increased by five points, resulting in an adjusted offense level of 29. The PSI did not recommend a reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, noting

4

that Manuel had forced the government to prepare for and proceed to trial before entering his plea.

The PSI calculated a criminal-history category III based on Manuel's prior convictions for theft-by-taking (1994), DUI (1994), battery/domestic violence (1997), and conspiracy to commit robbery (1998). With an offense level of 29 and a criminal history category III, the advisory Guidelines range was 108 to 135 months' imprisonment. The PSI noted that an upward departure might be appropriate under U.S.S.G. § 5K2.21 in consideration of the dismissed and uncharged conduct. Manuel lodged objections to the enhancement for threat of death, the computation of his criminal history category, and the denial of a reduction for acceptance of responsibility.

At the sentencing hearing, the court sustained the objections to the enhancement for threat of death and the criminal history category, but rejected Manuel's argument that he was entitled to an acceptance-of-responsibility reduction. The court found that Manuel let the case go too far before pleading guilty. With the sustained objections to the PSI, the district court determined that the adjusted offense level was 27 and the criminal history category was II, resulting in a Guidelines range of 78 to 97 months' imprisonment. Based on the terms of the plea agreement, the government said it was not asking for an "upward departure" above the Guidelines

range, but did request a sentence at the high end of the range. The court stated that it was considering imposing a 180-month "upward departure" sentence, even absent a motion by the government, noting the following factors: (1) Manuel's criminal history; (2) the number of robberies involved in the instant offenses; and (3) the court's belief that 97 months was not sufficient punishment.

Defense counsel then told the court that Manuel had pled guilty and expressed remorse, had a minimal criminal history, and had been employed. The court also heard the mitigating testimony of Manuel's mother and Manuel's sister, who described Manuel's childhood, military service, and character, as well as Manuel's statement of remorse and request for a shorter sentence.

After listening to the witnesses, the court noted the sentencing factors in 18 U.S.C. § 3553(a) and imposed a sentence of 168 months -- a sentence the district court termed an "upward departure" -- in light of the nature of the offense, Manuel's history, the number of robberies involved, and the fact that Manuel had committed the offenses for both the money and the thrill. The court also noted the continuous and dangerous behavior that could have ended in violence, and stated that it had come down from the 180-month sentence it previously had mentioned at the hearing, prior to hearing Manuel's mitigating testimony and statement of remorse. Manuel again objected to a sentence above the advisory range to which the district court responded,

6

"since I made an upward departure it is my belief that you can proceed with your appeal concerning the sentence." This appeal followed.

First, Manuel argues he was entitled to a reduction for acceptance of responsibility. The government urges that the waiver provision in Manuel's plea agreement bars this argument, and notes that Manuel does not suggest that the plea was not knowing and voluntary.

A sentence appeal waiver contained in a plea agreement, made knowingly and voluntarily, is enforceable. See United States v. Bushert, 997 F.2d 1343, 1345, 1350-51 (11th Cir. 1993); see also United States v. Copeland, 381 F.3d 1101, 1107 (11th Cir. 2004). The waiver can include the waiver of the right to appeal "difficult or debatable legal issues or even blatant error." United States v. Frye, 402 F.3d 1123, 1129 (11th Cir.), cert. denied, 125 S. Ct. 2986 (2005). To enforce a sentence-appeal waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. Id. at 1351.

Here, although the appeal waiver excepts "upward departures," we do not read that provision to mean that even if the district court imposed an "upward departure," Manuel was free to appeal any and all aspects of his sentence unrelated to the

imposition of a sentence above the advisory Guidelines range. There is <u>no</u> indication in the record that Manuel misunderstood the waiver on this point, and it is clear that he entered into the agreement, including the appeal-waiver provision, knowingly and voluntarily. The language of the plea agreement is plain. Moreover, at the plea colloquy hearing, the court confirmed that Manuel had discussed the waiver with counsel and that he understood it. Thus, the appeal waiver is enforceable and it at least covers the challenge to the denial of a reduction for acceptance of responsibility. Accordingly, we dismiss the appeal as to this claim.

Manuel next argues that his sentence was unreasonable because there was nothing about his case that falls outside the "heartland" of cases or warranted imposition of a sentence that was 73 percent higher than the top-end of the Guidelines range, and because the district court failed to make sufficient findings to support the sentence above the Guidelines range, which we have termed a "<u>variance</u>," not a "departure."[1] Manuel also argues the district court's consideration of his criminal

---

[1] After <u>United States v. Booker</u>, 543 U.S. 220 (2005), we have explained that the term variance refers to a sentence outside the advisory Guidelines range based on the § 3553(a) sentencing factors. <u>United States v. Irizarry</u>, 458 F.3d 1208, 1211 (11th Cir. 2006); <u>cf. United States v. Eldick</u>, 443 F.3d 783, 788 n.2 (11th Cir. 2006) (explaining "the record reveals that the district court, at resentencing, did not treat its decision to sentence Eldick above the guideline range as an upward departure, but rather as an exercise of its discretion because the court did not cite to a specific guidelines departure provision and, in the words of the district court, the guidelines did 'not adequately take into account the severity of the damage done by Mr. Eldick, and, therefore, I find that they should not be applied.' Therefore, we conclude that we are not reviewing the propriety of a "guidelines" departure."); <u>United States v. Scott</u>, 441 F.3d 1322, 1330 (11th Cir. 2006) (declining

8

history, in the context of its § 3553(a) analysis, constituted improper double counting because the same information was considered in calculating his criminal history category.

We review a district court's interpretation of the Guidelines <u>de novo</u> and its findings of fact for clear error. <u>United States v. Jordi</u>, 418 F.3d 1212, 1214 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 812 (2005). After a district court has calculated a defendant's advisory Guidelines range, it "may impose a more severe or more lenient sentence," which we review only for reasonableness. <u>United States v. Crawford</u>, 407 F.3d 1174, 1179 (11th Cir. 2005). In conducting our reasonableness review, which is highly deferential, we do not apply the reasonableness standard to each individual decision made during the sentencing process; instead, we review only the <u>final</u> sentence for reasonableness, in light of the § 3553(a) factors. <u>United States v. Martin</u>, 455 F.3d 1227, 1237 (11th Cir. 2006). The district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). Rather, an

to address sentence outside the guidelines range based on § 3553(a) factors).

However, in light of the "upward departure" language used in the plea agreement, at the plea colloquy, and at the sentencing hearing, in this case, we cannot find that Manuel knowingly and voluntarily waived his right to appeal the imposition of sentence above the Guidelines range.

9

acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice.  Id.

Here, the district court considered Manuel's arguments for a lesser sentence and noted his mitigating evidence, but was persuaded to impose a harsher sentence because of the seriousness of the crime, including the number of robberies involved, the fact that Manuel used threats as part of the offenses, and the fact that Manuel continued to commit the robberies for the "thrill" of it.  The district court also highlighted Manuel's criminal history.  Thus, the district court's ruling plainly reflects consideration of the § 3553(a) factors, including: the nature and circumstances of the offense; the history and characteristics of Manuel; the advisory Sentencing Guidelines range; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  See 18 U.S.C. § 3553(a).  Moreover, the district court explicitly discussed the application of the § 3553(a) factors as necessary to determine a reasonable sentence.  On this record, Manuel cannot satisfy his burden to show that the district court imposed an unreasonable sentence.  Accordingly, we affirm.

**DISMISSED IN PART AND AFFIRMED IN PART.**