NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1561

_____

UNITED STATES OF AMERICA

v.

SUNNI ALI,
                    Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-07-cr-00042-002)
District Judge: Honorable John P. Fullam

_____

Submitted Under Third Circuit LAR 34.1(a)
June 3, 2010

_____

Before: AMBRO, CHAGARES, and VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion filed: June 21, 2010)

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

    Sunni Ali appeals his sentence of 32 years' imprisonment for offenses arising out

of his participation in three robberies.  We affirm the sentence.

I.

In January 2005, Ali and co-defendant David Green conspired to rob the Philadelphia restaurant where Ali was employed. Ali alerted Green by cell phone when his manager began opening the restaurant's safe; Green then entered the restaurant, brandished a handgun, and forced the manager to open the safe. Green took approximately $2,800 from the safe, which Green and Ali divided between themselves.

In March 2005, Green and Ali planned to rob the employees of the same restaurant as they were leaving to deposit the night's proceeds in the bank. Ali called Green when the employees left the restaurant; Green then approached the employees, brandished a handgun, and demanded the backpack they were carrying. There was approximately $3,500 in the backpack, which Green and Ali split.

In April 2005, Ali and Green robbed an Orange Julius store in the King of Prussia Mall. After the store closed for the evening, Ali and Green entered the back of the store and, armed with handguns, accosted an employee who was counting money. They split the approximately $900 they took from the store.

In January 2006, a federal grand jury returned an indictment charging Ali with one count of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); three counts of interference with interstate commerce by robbery, also in violation of 18 U.S.C. § 1951(a) (Counts Two, Four, and Six); and three counts of using and carrying (and aiding and abetting the use and carrying of) a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c) (Counts Three, Five, and Seven). Ali faced a total mandatory minimum sentence of 57

2

years' imprisonment on the § 924 counts.[1]

Ali pled guilty to these offenses in February 2008 pursuant to a plea agreement. During the plea hearing, the District Court and the Government recited the total mandatory minimum sentence Ali faced as a result of pleading guilty. The Government also outlined the terms of the appellate waiver in Ali's plea agreement, under which Ali waived his rights to appeal or collaterally attack his conviction or sentence.

Ali was sentenced in February 2009. Prior to sentencing, the Government moved to dismiss one of the § 924(c) counts (Count Seven), thus reducing the total mandatory minimum sentence Ali faced to 32 years' (384 months') imprisonment. With an offense level of 22 and a criminal history category of IV, Ali's Guideline range for the other counts of conviction was 68 to 73 months' imprisonment, resulting in a final Guideline range of 452 to 457 months' imprisonment. *See* U.S.S.G. § 5G1.2(a).

The District Court concluded that a sentence within the Guideline range "would [be] . . . unreasonably long," and sentenced Ali to the mandatory minimum term of 384

---

[1] Count Three charged Ali with aiding and abetting the brandishing of a firearm during the January 2005 robbery, and carried a consecutive mandatory minimum sentence of 7 years' imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(ii) (providing for a consecutive mandatory minimum sentence of 7 years' imprisonment for possessing a firearm during and in relation to a crime of violence where the firearm is brandished). Counts Five and Seven each carried consecutive mandatory minimum sentences of 25 years' imprisonment, resulting in a total mandatory minimum sentence of 57 years' imprisonment. *See id.* § 924(c)(1)(C)(i) (providing for a consecutive mandatory minimum sentence of 25 years' imprisonment for a second or subsequent conviction under § 924(c)); *see also Deal v. United States*, 508 U.S. 129, 131–34 (1993) (§ 924(c)(1)(C)(i) applies even if the second or subsequent conviction is for a count charged in the same indictment as the initial violation of § 924(c)).

months' imprisonment.  Despite his plea agreement and appellate waiver, Ali timely appealed his sentence.[2]

## II.

In his plea agreement, Ali waived his right to appeal his sentence unless: (1) the Government appealed; (2) the sentence on any count of conviction exceeded the statutory maximum; (3) the District Court erroneously departed upward from the Guideline range; or (4) the Court unreasonably varied upward from the Guideline range.  None of those circumstances applies: the Court sentenced Ali to the mandatory minimum sentence (which represented a 68-month downward variance from the Guideline range), and the Government has not appealed that sentence.  Accordingly, we will enforce the appellate waiver and decline to deal with the merits of Ali's appeal unless (1) his waiver was not knowing and voluntary, or (2) enforcement of the waiver "would work a miscarriage of justice."  *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

Ali does not address his appellate waiver in his brief, much less contend that it was not knowing and voluntary.  In any event, our review of the record confirms that Ali knowingly and voluntarily waived his right to appeal.[3]  Moreover, we are aware of no

---

[2]  The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  *See also United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) ("[T]his court retains subject matter jurisdiction over the appeal by a defendant who had signed an appellate waiver.").

[3] The Government points out that the District Court technically violated Federal Rule of Criminal Procedure 11 during Ali's change of plea hearing by failing to (1) discuss specifically the appellate waiver with Ali, and (2) confirm that he understood that provision.  *See* Fed. R. Crim. P. 11(b)(1)(N) ("[T]he court must inform the defendant of,

"miscarriage of justice" that would result from enforcing the waiver.[4] Accordingly, we enforce the appellate waiver, decline to reach the merits of Ali's appeal, and thus affirm his sentence. *See id.* at 206 (affirming the District Court's judgment after enforcing an appellate waiver).

---

and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.").

Even if Ali had challenged this deficiency in the Court's colloquy, we would still enforce the appellate waiver (under a plain error analysis), as we are satisfied that any deficiency in the colloquy did not affect Ali's "substantial rights." *United States v. Corso*, 549 F.3d 921, 928 (3d Cir. 2008). Though the District Court failed to address specifically the appellate waiver, the Government explained the terms of the appellate waiver during the plea hearing, and the Court questioned Ali to confirm that (1) he had reviewed the plea agreement with his attorney, and (2) he understood the agreement. In these circumstances, Ali cannot show that "the deficient Rule 11 colloquy precluded him from understanding that he had a right to appeal and that he had substantially agreed to give up that right." *United States v. Goodson*, 544 F.3d 529, 540–41 (3d Cir. 2008).

[4] An examination of the merits of Ali's challenges to his sentence demonstrates that enforcement of the appellate waiver will not result in a miscarriage of justice. Though he did not raise these arguments before the District Court, Ali argues on appeal that his sentence should be vacated because the mandatory minimum sentences required by 18 U.S.C. § 924(c) violate the Due Process Clause of the Fifth Amendment and the separation of powers. We note that our Court has repeatedly rejected such challenges to mandatory minimum sentences (including the mandatory minimum sentences provided under § 924(c)). *See United States v. Walker*, 473 F.3d 71, 75–76 (3d Cir. 2007); *United States v. MacEwan*, 445 F.3d 237, 250–53 (3d Cir. 2006); *United States v. Frank*, 864 F.2d 992, 1010 (3d Cir. 1988).

5