# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 29, 2011

Lyle W. Cayce
Clerk

No. 10-60720
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEBRA JOAN CLAY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CR-137-3

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Debra Joan Clay appeals the 48-month sentence imposed following her guilty plea to using access devices issued to other persons in violation of 18 U.S.C. § 1029(a)(5). Clay does not challenge the procedural correctness of her sentence; therefore, we will proceed to an examination of its substantive reasonableness. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). We will assume, arguendo, that Clay sufficiently preserved her challenge for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal.  Accordingly, we will apply the abuse of discretion standard.  *See United States v. Pelitier*, 505 F.3d 389, 391 (5th Cir. 2007).

"This court recognizes three types of sentences[.]"  *Brantley*, 537 F.3d at 349.  A district court may impose (1) a sentence within the defendant's Guidelines range, (2) an upward or downward departure as allowed by the Guidelines, or (3) a non-Guideline sentence or a variance that is outside of the relevant Guidelines range.  *Id.*

Clay argues that the district court chose the "second category" and upwardly departed under U.S.S.G. § 4A1.3.  She further argues that the departure was unwarranted and that the extent of the departure was unreasonable because the nature of her prior offenses was nonviolent, very minor economic offenses, which involved "victimless crimes."

"[A]n upward departure and an upward variance are not one and the same."  *United States v. Jacobs*,__ F.3d__, No. 10-20043, 2011 WL 873549, at *3 (5th Cir. Mar. 15, 2001).  A "departure" refers only to a sentence imposed under the framework set out in the Guidelines.  *Id.* at *2.  "When the district court imposes an upward departure, it must explain its reasons for doing so in Section V of the standard-form Statement of Reasons."  *Id.*  In contrast, a "variance" is a sentence imposed outside the Guidelines framework.  *Id.*  A district court explains its reasons for imposing a variance in Section VI of the Statement of Reasons.  *Id.*

Although the district court at times used the term "departure" at the sentencing hearing, the court's comments, viewed as a whole, and its written Statement of Reasons, clearly reflect that it was imposing a sentence which represented a variance under 18 U.S.C. § 3553(a) rather than an upward departure.   Where the district court has imposed a sentence that varies from the Guidelines range, reasonableness review requires this court to evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth at § 3553(a).  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  A

No. 10-60720

sentence outside the Guidelines is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id*.

The district court determined that a variance was justified by Clay's uncounted criminal convictions and her continued illegal activities. The court also specifically cited several of the § 3553(a) factors which it considered relevant. The district court thus made an "individualized assessment based on the facts presented" and concluded that the advisory Guidelines range gave insufficient weight to some of the sentencing factors. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Because the court cited fact-specific reasons for imposing a non-Guideline sentence and its reasons adequately reflected consideration of the § 3553(a) factors, the sentence was reasonable and will not be disturbed. *See Brantley*, 537 F.3d at 349-50.

AFFIRMED.