# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

Lyle W. Cayce
Clerk

No. 11-41413
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL MARIO GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-164-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Angel Mario Gonzalez pleaded guilty, pursuant to a written plea agreement, to one count of conspiring to possess with intent to distribute more than five kilograms of cocaine and one count of transaction money laundering. Within the plea agreement, Gonzalez waived his right to appeal or to file a postconviction challenge to his conviction or sentence, although he reserved his right to challenge a sentence exceeding the statutory maximum or an upward sentencing departure not requested by the Government. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ultimately imposed a sentence of 210 months in prison, at the bottom of the applicable guidelines range, concurrent five- and three-year terms of supervised release, and a fine of $5000.

On appeal, Gonzalez asserts that the district court erred in determining that he possessed a firearm during the commission of the drug trafficking offense, which resulted in a two-level increase to the base offense level. He maintains that the court also improperly applied a two-level enhancement for his role in the offense. Gonzalez contends that his sentence is substantively unreasonable in light of these purported errors and based on his contention that the district court failed to consider various mitigating factors before its imposition. The Government has moved to dismiss the case in light of the waiver-of-appeal provision in the plea agreement; alternatively, the Government requests an extension of time to file an appellate brief. Gonzalez has not submitted a reply brief.

Gonzalez's claims do not fall within the listed exceptions to the appeal waiver. A review of the record indicates that Gonzalez knowingly and voluntarily waived his right to appeal because he indicated that he had reviewed and understood the waiver provision. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). The Government did not breach the plea agreement. Therefore, the appeal waiver bars consideration of Gonzalez's appellate issues. Although a valid waiver does not implicate our jurisdiction, *see United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006), Gonzalez's appeal of his sentence is clearly barred by the waiver. As a result, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED as frivolous. *See United States v. Jacobs*, 635 F.3d 778, 783 (5th Cir. 2011); 5TH CIR. R. 42.2. The Government's alternative motion to extend time to file its brief is DENIED as moot.