# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO FLORES-BREWSTER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-935-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Roberto Flores-Brewster appeals the 60-month sentence imposed by the district court following his guilty plea conviction for conspiracy to transport illegal aliens within the United States. He argues that the district court arbitrarily selected a 60-month sentence without considering incremental increases for departures under the Guidelines. He asserts that the district court abused its discretion in merely giving generic reasons for the sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40023

and then sentencing him to five times the sentence imposed on his codefendants.

Because Flores-Brewster failed to object to the sentence on the above ground in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court imposed an upward variance, and not an upward departure. A departure and a variance are separate and distinct sentencing mechanisms. *United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011). Thus, any assertion that the district court erred in imposing an upward departure under the Guidelines is meritless. *See, e.g., United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).

After considering the arguments presented at sentencing and the undisputed information contained in the Presentence Report, the district court was free to conclude that the 18 U.S.C. § 3553(a) factors warranted an upward variance. The district court specifically referred to Flores-Brewster's criminal history, including two fairly recent convictions for similar crimes involving transporting illegal aliens, as well as many other types of criminal activity. The district court stated that it was not convinced that Flores-Brewster would not engage in the same conduct again. The district court considered the § 3553(a) factors and determined that a sentence above the guidelines range was necessary primarily to deter further criminal conduct, to provide for the safety of the community, and also to promote respect for the law. Thus, the

No. 14-40023

record reflects that the district court's decision to vary from the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Because his codefendants had very little or no prior criminal history and had different roles in the offense, they were not similarly situated to Flores-Brewster.   Therefore, there were no unwarranted sentencing disparities between sentences imposed on Flores-Brewster and his codefendants in the instant case. *See United States v. Heard*, 709 F.3d 413, 435 (5th Cir.), *cert. denied*, 134 S. Ct. 470 (2013); *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006).   Flores-Brewster has not shown any procedural error, plain or otherwise, in the nonguidelines sentence imposed. *See Peltier*, 505 F.3d at 392.

    AFFIRMED.