# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51084
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO NAVARRETE-RAMIREZ, also known as Sergio Navarette-Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-54

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Sergio Navarrete-Ramirez pleaded guilty to illegally reentering the United States after deportation, and he was sentenced, within the guidelines range, to 46 months of imprisonment and three years of supervised release. Navarrete-Ramirez raises three issues on appeal: (1) he argues that the district court erred in denying his motion for a downward departure based on his cultural assimilation; (2) that the district court committed a procedural error

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51084

by failing to consider his motion for a downward departure altogether; and (3) he argues, for the first time, that his 46-month, within-guidelines sentence is substantively unreasonable because it overstates the seriousness of his offense and is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a).

This court lacks jurisdiction to review the denial of a downward departure from the Guidelines unless the denial was based on the district court's erroneous belief that it lacked the authority to depart. *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008). "The jurisdictional bar applies even where the district court responds to a request for a downward departure with a summary denial without explanation or with an implicit denial by imposing a Guideline sentence." *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006) (internal quotation marks and citation omitted).

Although Navarrete-Ramirez argues that the district court believed it lacked authority to depart under the Guidelines, his argument requires a strained reading of the sentencing transcripts and ignores the context of the district court's statements. The record reflects that the district court implicitly recognized its authority to depart but concluded that a sentence within the guidelines range was appropriate. Because the record does not reflect that the district court erroneously believed that it lacked authority to depart downward, we lack jurisdiction to review the district court's decision to deny a downward departure. *See Lucas*, 516 F.3d at 350.

Navarrete-Ramirez further claims that the district court committed a procedural error in failing to consider his motion for a downward departure *prior to* considering the § 3553(a) factors. He apparently contends that the district court erred in failing to follow the Sentencing Guidelines' three-part framework. *See United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011).

No. 14-51084

Because Navarrete-Ramirez did not object on this basis before the district court, our review is for plain error. *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Based on our careful review of the record, we discern no plain error in this regard affecting Navarrete-Ramirez's substantial rights. *Id.*

Finally, Navarrete-Ramirez also argues that his sentence is substantively unreasonable because it overstates the seriousness of his offense and is greater than necessary to effectuate the sentencing goals of § 3553(a). In support of his argument, he asserts that his illegal reentry offense is essentially an international trespass; that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is flawed because it is not empirically based and results in the double counting of his criminal history; and that the district court failed to adequately consider his history and circumstances, particularly his cultural assimilation, in determining his sentence.

Even if Navarrete-Ramirez preserved his cultural assimilation argument, as that was the basis for his motion, he has failed to show that his sentence is substantively unreasonable. Although a defendant's cultural assimilation can be a mitigating factor at sentencing, a sentencing court need not give this factor dispositive weight. *See United States v. Rodriguez*, 660 F.3d 231, 232, 234-35 (5th Cir. 2011). Navarrete-Ramirez's dissatisfaction with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence, *see id.*, and we will not reweigh the district court's assessment of the § 3553(a) factors, *see Gall v. United States*, 552 U.S. 38, 51-52 (2007).

Further, we have rejected arguments that a sentence is substantively unreasonable because an illegal reentry offense is a nonviolent international trespasses, *United States v. Juarez-Duarte,* 513 F.3d 204, 212 (5th Cir. 2008), and because the illegal reentry guideline is not based on "empirical data" and

3

No. 14-51084

"double counts" prior offenses, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).    Navarrete-Ramirez has not shown, in light of these arguments, that his within-guidelines sentence was the result of error, much less plain error.

AFFIRMED.