# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10890
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALFONSO PORRAS-CHAVIRA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CR-25-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Alfonso Porras-Chavira pleaded guilty to illegal reentry after deportation, and the district court sentenced him above the advisory guidelines range to 48 months of imprisonment. The district court also imposed a three-year term of supervised release.

Porras-Chavira notes that the district court imposed a substantively unreasonable sentence by giving significant weight to an irrelevant or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10890

improper factor and by varying upwardly 60% from the guidelines range. Porras-Chavira notes that the district court incorrectly stated that he had four prior illegal reentry convictions and then relied on that incorrect fact to impose his sentence.

Ordinarily, we review the substantive reasonableness of a sentence, whether inside or outside of the guidelines range, for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). However, Porras-Chavira failed to raise his challenge to the district court's statement that he had four prior illegal reentry convictions "in a manner that could have placed the district court on notice of the error he now asserts." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012); *see also, United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).[1] We therefore review this issue only for plain error. *See id.* To show plain error, Porras-Chavira must demonstrate that there is a clear or obvious error affecting his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, then we have discretion to correct the error, but should do so only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal alterations, quotation marks, and citations omitted).

Porras-Chavira had two convictions of illegal reentry and, although two additional convictions referenced by the district court were not listed specifically in the presentence report as illegal reentry, they involved immigration offenses. The district court's statement was merely an inexact reference to the fact that Porras-Chavira had four prior immigration offenses. Given that fact, Porras-Chavira has failed to show a clear or obvious error as

---

[1] Porras-Chavira has waived a challenge to our decision in *Peltier* by raising the issue for the first time in his reply brief. *See United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013).

No. 15-10890

to the district court's reliance on these four convictions and other factors to impose the variance and the term of supervised release. *See Puckett*, 556 U.S. at 135.

Porras-Chavira's challenge to the extent of the upward variance is equally unavailing, even under an abuse of discretion standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (declining to determine the applicable standard of review if the defendant would be unsuccessful under either standard). The district court explained that it imposed the variance because of the nature of the current offense and Porras-Chavira's history and characteristics, including his prior immigration convictions and driving while intoxicated and firearms offenses. *See* 18 U.S.C. § 3553(a). The district court also noted that the § 3553(a) factors supported the variance in light of Porras-Chavira's history and current offense, specifically, the need for the sentence to reflect the seriousness of the offense and promote respect for the law (§ 3553(a)(2)(A)), to deter criminal conduct (§ 3553(a)(2)(B)), to protect the public (§ 3553(a)(2)(C)), and to provide needed training or treatment (§ 3553(a)(2)(D)). Under the circumstances, we defer to the district court's determination that the § 3553(a) factors, on the whole, justify the extent of the upward variance imposed in this case, *see United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012), which is similar to other variances we have previously affirmed. *See United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006).

Porras-Chavira additionally argues that the variance was, in essence, an upward departure for which he did not receive the required notice. The district court expressly stated that it was imposing the variance based on several of

the § 3553(a) factors, as well as Porras-Chavira's criminal history and instant offense.  Accordingly, Porras-Chavira has not shown clear or obvious error in the district court's imposition of an upward variance.  *See Puckett*, 556 U.S. at 135; *United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011).

Porras-Chavira also challenges the district court's imposition of a term of supervised release despite the likelihood of his deportation.  Although the Guidelines provide that the district court ordinarily should not impose supervised release for an alien who is likely to be deported after serving his term of imprisonment, U.S.S.G. § 5D1.1(c), in this case, the district court explained that a term of supervised release was needed to "offer an additional potential sanction against the defendant should he subsequently be deported and then try to unlawfully come back into this country."  In light of Porras-Chavira's prior immigration offenses, his criminal record generally, and the district court's explanation for imposing the term of supervised release, Porras-Chavira has failed to show that the district court erred in imposing a term of supervised release.  *See Gall*, 552 U.S. at 51; *United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013).

Finally, Porras-Chavira argues that his sentence violates due process because it exceeds the statutory maximum for the offense charged in the indictment.  He correctly acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that convictions used to enhance a sentence under 8 U.S.C. § 1326(b)(2) need not be set forth in the indictment.

The judgment of the district court is AFFIRMED.