# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2011

Lyle W. Cayce
Clerk

No. 10-20043
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS EUGENE JACOBS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges:

PER CURIAM:

Federal prisoner Marcus Eugene Jacobs pled guilty to one count of possessing stolen mail in violation of 18 U.S.C. § 1708. In his signed plea agreement, Jacobs generally waived his right to appeal his sentence but preserved his right to appeal an upward departure from the Sentencing Guidelines not requested by the Government. At sentencing, the district court imposed an upward variance from the Guidelines not requested by the Government. Jacobs now contends that the upward-departure exception to the waiver allows him to challenge his sentence on appeal. Because sentencing

departures are distinct from sentencing variances, we conclude that the waiver bars this appeal and grant the Government's motion to dismiss.

## I.

Jacobs pled guilty to one count of possessing stolen mail in violation of 18 U.S.C. § 1708. In exchange for several concessions from the Government, Jacobs agreed to waive his right to appeal his sentence. In pertinent part, the waiver of appeal provides:

> The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3642(b).

At the Rule 11 hearing, the district court specifically discussed the waiver-of-appeal provision with Jacobs. The court accurately explained that Jacobs was waiving his right to appeal anything about his sentence unless one of the two exceptions applied. The court also explained that Jacobs's sentence had not yet been determined, that the court was not bound by the Government's sentencing recommendation, and that Jacobs would not be able to change his plea even if the court imposed a longer sentence than Jacobs anticipated. Jacobs stated on the record that he had read and understood the terms of his plea agreement, that he wished to give up the rights he was waiving, and that no one had forced or threatened him to plead guilty.

At sentencing, the district court calculated the advisory Guidelines sentencing range as four to ten months. The Government recommended a sentence of seven months. However, the district court opted to vary upwardly under 18 U.S.C. § 3553(a).[1] Citing Jacobs's extensive criminal history, the

---

[1] The district court described its decision as an "upward departure," but it cited to 18 U.S.C. § 3553(a)(1) in doing so and later clarified in the Statement of Reasons that it was imposing a sentence outside the advisory sentencing-guidelines system, not departing from the advisory guideline range for reasons authorized by the guidelines themselves.

No. 10-20043

failure of prior sentences to deter Jacobs from further criminal conduct, a high risk of recidivism, and the need to protect the public, the district court sentenced Jacobs to thirty-six months in prison. On appeal, Jacobs seeks to challenge the reasonableness of a sentence that is 260 percent longer than the high end of the Guidelines range.

## II.

We determine de novo whether the waiver-of-appeal provision in Jacobs's plea agreement bars this appeal.[2] A defendant may waive his statutory right to appeal as part of a valid plea agreement, "provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement."[3]

For a waiver of appeal to be knowing and voluntary, "[a] defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.'"[4] The defendant also must understand the consequences of the waiver.[5] The defendant's waiver is unknowing and involuntary where the district court explains the terms of the appellate waiver incorrectly[6] or not at all.[7] If the district court accurately explains the terms and consequences of the waiver of

---

[2] *See, e.g.*, *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

[3] *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006).

[4] *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (quoting *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)).

[5] *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("A defendant's waiver of her right to appeal is not informed if the defendant does not know the possible consequences of her decision.").

[6] *See, e.g.*, *United States v. Delgado-Ramirez*, 236 F. App'x 983, 984 (5th Cir. 2007) (per curiam) (unpublished).

[7] FED. R. CRIM. P. 11(b)(1)(N); *see, e.g.*, *United States v. Robinson*, 187 F.3d 516, 518 (5th Cir. 1999) ("[A] defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court.'" (quoting *Baty*, 980 F.2d at 979)).

3

appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver.[8]  Here, Jacobs concedes that he signed the waiver knowingly and voluntarily, and the record of the Rule 11 hearing indicates this concession was a wise one.

To determine whether a waiver of appeal applies to the circumstances at hand, we ascertain the ordinary meaning of the waiver provision.[9]  We do so using "normal principles of contract interpretation,"[10] subject to the limitation that "[g]iven the significance of the rights they involve, we construe appeal waivers narrowly, and against the government."[11]  While "any ambiguity must be construed in favor of the defendant's right to appeal,"[12] we will not read ambiguity into an agreement in which none readily manifests itself: "In the absence of evidence that the parties to the agreement intended [] a specialized, non-natural definition, we apply the term's usual and ordinary meaning."[13]

Here, the relevant portion of the waiver-of-appeal provision in Jacobs's plea agreement only allows him to appeal an "upward departure" not requested by the Government.  "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in

---

[8] *See, e.g.*, *United States v. Smith*, No. 09-50343, 2010 WL 5185499, at \*2 (5th Cir. Dec. 15, 2010) (per curiam) (unpublished); *United States v. De Cay*, 359 F. App'x 514, 515–16 (5th Cir. 2010) (per curiam) (unpublished).

[9] *See, e.g.*, *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (per curiam) ("The language in the appellate waiver must be afforded its plain meaning in accord with the intent of the parties at the time the plea agreement was executed.").

[10] *United States v McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *see also United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005) ("We must interpret the plea agreement like a contract, in accord with what the parties intended.").

[11] *Palmer*, 456 F.3d at 488.

[12] *United States v. Harris*, 434 F.3d 767, 770 (5th Cir. 2005).

[13] *Bond*, 414 F.3d at 545.

the Guidelines."[14]   The Guidelines set out a three-part framework for the imposition of sentences: the district court (1) calculates the advisory sentencing range; (2) considers the specific offender characteristics and grounds for departure enumerated in the Guidelines; and (3) weighs the applicable factors in 18 U.S.C. § 3553(a) as a whole.[15]   The district court's authority to impose a departure emanates from 18 U.S.C. § 3553(b)(1) and, in turn, in Chapter 5, Part K of the Guidelines.[16]   Under Federal Rule of Criminal Procedure 32(h), the district court  cannot impose a departure unless it first notifies the parties that it is contemplating doing so.[17]   When the district court imposes an upward departure, it must explain its reasons for doing so in Section V of the standard-form Statement of Reasons.

By contrast, if after completing the Guidelines' three-step process the district court "imposes a sentence that is outside the guidelines framework, such a sentence is considered a 'variance'."[18]   The district court's authority to impose a variance is discretionary and stems from 18 U.S.C. § 3553(a).[19]   Rule 32(h)'s

---

[14] *Irizarry v. United States*, 553 U.S. 708, 714 (2008).

[15] *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.1(a)–(c) (2010).

[16] *See id.* § 5K2.0(a).

[17] *Irizarry*, 553 U.S. at 709–10 ("[B]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." (quoting FED. R. CRIM P. 32(h))).

[18] U.S. SENTENCING GUIDELINES MANUAL § 1B1.1 cmt. background (2010).

[19] *See, e.g.*, *United States v. Herrera-Garduno*, 519 F.3d 526, 530–31 (5th Cir. 2008).

notice requirement does not apply to variances.[20] And the district court explains its reasons for imposing a variance in Section VI of the Statement of Reasons.

In short, an upward departure and an upward variance are not one and the same. The plea agreement applies only to "departures," and the term "departure" has an ordinary, well-settled meaning in the sentencing context. That meaning does not extend to variances such as the one the district court imposed here. Jacobs does not argue that the parties intended the term "departure" to carry an atypical or specialized meaning when they included it in his plea agreement. The rule that we construe plea agreements narrowly and against the Government does not authorize us to ignore the settled meanings of the terms used in such agreements.[21]

Jacobs contends that the upward-departure exception applies here because it allows him to appeal "upward departures *from* the Guidelines," which he says actually describes variances, while departures are best described as "upward departures *under* the Guidelines." This distinction is simply not supported by the controlling statutes and precedent.[22] In addition, Jacobs's reading would

---

[20] *Irizarry*, 553 U.S. at 716; *United States v. Mejia-Huerta*, 480 F.3d 713, 722–23 (5th Cir. 2007). *See generally United States v. Vampire Nation*, 451 F.3d 189, 197 (3d Cir. 2006) ("*Booker* contemplates that the district court will impose a discretionary sentence after consideration of the advisory Guidelines, the grounds raised by counsel, the defendant's allocution, victim statements, other evidence, and the factors set forth in § 3553(a). *Booker* does not contemplate that the court will somehow arrive at its sentence prior to sentencing, and requiring advance notice of 'any ground' beyond the factors set forth in § 3553(a) would undoubtedly prove to be unworkable." (footnote and internal citation omitted)).

[21] *Cf. United States v. Guinyard*, 149 F. App'x 279, 281 (5th Cir. 2005) (per curiam) (unpublished) (holding that a waiver-of-appeal provision that contained the same two exceptions as Jacobs's did not authorize the defendant to appeal the fact that his sentence was imposed under the pre-*Booker* mandatory Guidelines regime); *United States v. Escobar*, 78 F. App'x 935, 937 (5th Cir. 2003) (unpublished) (holding that a waiver-of-appeal provision that contained the same two exceptions as Jacobs's did not authorize the defendant to appeal the district court's decision to apply a six-level sentence enhancement).

[22] In fact, Jacobs's position most closely mirrors the position advocated by the dissenting Justices—and rejected by the majority—in *Irizarry*. *See* 553 U.S. at 718 (Breyer, J., dissenting).

6

have the absurd consequence of allow to him to appeal variances—since they are departures "from" the Guidelines—but *not* departures, since the plea agreement does not contain a provision allowing appeals from departures "under" the Guidelines. We find it wholly implausibly that the parties intended this outcome when they chose to use the term "departure" in the waiver provision.

If the parties had intended to allow Jacobs to appeal any sentence that exceeded the high end of the Guidelines' recommended sentencing range, they could have drafted the waiver of appeal to say so.[23] Jacobs might now wish that the plea agreement were worded differently, but "an agreement should be enforced as written, without regard to whether the parties contracted wisely."[24] We hold that the upward-departure exception to Jacobs's waiver of appeal did not authorize him to appeal the upward variance he received at sentencing.[25]

### III.

---

[23] *See United States v. Jackson*, 523 F.3d 234, 242 n.5 (3d Cir. 2008) ("Waivers frequently contain provisions allowing a defendant to appeal if . . . there is an erroneous upward departure, an unreasonable upward variance, or the sentence unreasonably exceeds the advisory Guidelines range . . . ."); *see also, e.g.*, *United States v. Mateo*, No. 10-11165, 2011 WL 411438, at *1 (11th Cir. Feb. 9, 2011) (per curiam) (unpublished) ("The plea agreement contained a sentence appeal waiver that waived Mateo's right to appeal his sentence unless the sentence . . . is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing." (internal quotation marks omitted)); *United States v. Shawaka*, No. 09-4580, 2011 WL 288524, at *4 (4th Cir. Jan. 31, 2011) (per curiam) (unpublished); *United States v. McCarty*, 612 F.3d 1020, 1024 (8th Cir.), *cert. denied*, 131 S. Ct. 673 (2010); *United States v. Ali*, 384 F. App'x 165, 167 (3d Cir. 2010) (unpublished).

[24] *Xtria LLC v. Tracking Systems, Inc.*, 345 F. App'x 940, 944 (5th Cir. 2009) (unpublished) (citation, internal quotation marks, and brackets omitted).

[25] The Eleventh Circuit has interpreted a waiver of appeal allowing an appeal from an upward departure to also allow an appeal from an upward variance. *See United States v. Manuel*, 208 F. App'x 713, 716 n.1 (11th Cir. 2006) (per curiam) (unpublished). However, its decision rested on its determination that the defendant's waiver was not knowing and voluntary. *Id.* This Circuit's precedent on when a waiver of appeal is knowing and voluntary forecloses a similar determination in this case. *See supra* notes 4–8 and accompanying text. Moreover, *Manuel* was decided almost two years before the Supreme Court's decision in *Irizarry*, which solidified the distinction between a variance and a departure. In light of that intervening precedent, we find the reasoning of *Manuel* inapplicable.

No. 10-20043

For the reasons discussed above, IT IS ORDERED that the appellee's opposed motion to dismiss this appeal is GRANTED.   IT IS FURTHER ORDERED that the appellee's alternative motion to extend time to file its brief is DENIED AS MOOT.