# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 25, 2011

Lyle W. Cayce
Clerk

No. 09-20874
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

INOCENTE FABIAN-PENALOZA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-306-2

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Inocente Fabian-Penaloza (Fabian) appeals his guilty plea conviction and sentence for conspiracy to transport and harbor illegal aliens within the United States for the purpose of commercial advantage or private financial gain. *See* 8 U.S.C. § 1324(a)(1)(B)(i). Fabian's appeal of his sentence is barred by the waiver-of-appeal provision in his plea agreement. The district court's variance from the guideline range of imprisonment does not fall within either exception to the appeal waiver, as the sentence is not above the statutory maximum and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20874

it does not result from an upward departure.  *See United States v. Jacobs*, 635 F.3d 778, 780-82 (5th Cir. 2011); § 1324(a)(1)(B)(i).

Fabian appeals his conviction on the basis that there was no factual basis for the element of commercial advantage or private financial gain.  *See* § 1324(a)(1)(B)(i).  This argument is refuted by Fabian's statements at the guilty plea hearing that he acted as a coyote and that he did it to reduce the amount of money he owed another coyote.

The district court's Statement of Reasons for judgment (SOR) incorrectly states that Fabian's offense level was 24 and that his guideline range of imprisonment was 63 to 78 months.  Fabian's offense level was reduced by an additional two levels based on the "fast track" program.  Accordingly, his offense level was reduced to 22, and his guideline range of imprisonment was reduced to 51 to 63 months.  Therefore, we affirm the decision of the district court below; but we also remand to the district court with an instruction to correct the SOR to reflect that Fabian's offense level was 22 and his guideline range of imprisonment was 51 to 63 months.  *See* FED. R. CRIM. P. 36; *United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003).

AFFIRMED and REMANDED with instruction.