REVISED DECEMBER 5, 2011

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2011

Lyle W. Cayce
Clerk

No. 10-11117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CEDRIC LAMONTE GRAY, also known as C-Nile,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CR-7-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cedric Lamonte Gray pleaded guilty in 2007 to distributing five grams or more of a mixture containing a detectable amount of cocaine base, also known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (2007). The district court sentenced Gray to 188 months in prison, which was at the bottom of his advisory guidelines range of 188 to 235 months in prison and below his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maximum statutory sentence of 40 years in prison. In 2010, the district court granted Gray's 28 U.S.C. § 2255 motion, permitting him to file an out-of-time appeal.

Gray's appellate arguments are based on the Fair Sentencing Act of 2010 ("FSA"), which became effective more than three years after Gray was sentenced and which reduced the statutory penalties for certain crack cocaine offenses, and the Sentencing Commission's temporary, emergency amendment to § 2D1.1 of the Sentencing Guidelines, effective November 1, 2010,[1] which implemented the emergency directive in section 8 of the FSA.[2] The emergency amendment has since been re-promulgated as a permanent amendment and made retroactive, effective November 1, 2011.[3] Gray argues that under the amendment, his advisory guidelines range of imprisonment would be 110 to 137 months. He thus asks us to vacate his sentence and remand his case for re-sentencing so that he may receive a reduced sentence. He alternatively asks us to hold that he will not be prevented from later filing a motion to reduce his sentence pursuant to 18 U.S.C § 3582(c)(2). The Government contends that it is entitled to a dismissal because Gray's appeal is barred by the appeal waiver in his written plea agreement. The Government alternatively contends that it is entitled to summary affirmance because the amendment will substantively change the Sentencing Guidelines. The Government alternatively moves for an extension of time to file a brief.

We agree with the Government that Gray's appeal is barred by the waiver of appeal rights in his plea agreement. The waiver states:

---

[1] See U.S. SENTENCING GUIDELINES MANUAL app. C (Vol. III), Amendment 748, pp. 381-82 (2011).

[2] Pub. L. 111–220, 124 Stat. 2372 (2010).

[3] See U.S. SENTENCING GUIDELINES MANUAL app. C (Vol. III), Amendments 750 & 759, pp. 391-98, 415-421 (2011).

Gray waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Gray, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.[4]

This court reviews the validity of an appeal waiver de novo.[5] A defendant may waive his or her appeal rights "'provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement.'"[6] Gray does not argue that his waiver of appeal rights was unknowing or involuntary. Nor does Gray argue directly that the waiver of appeal rights does not apply to the circumstances at hand. Gray suggests that he "[has] an arguable issue in this appeal concerning the retroactivity of the November 1, 2010 emergency guideline amendment,"[7] but he does not explain how that circumstance fits into one of the four exceptions to the waiver of appeal rights in his plea agreement, or why this court should conclude that the waiver was not meant to apply to that circumstance.

While this court must "construe appeal waivers narrowly, and against the government,"[8] there is no basis to conclude that the waiver is inapplicable in this case. Because Gray's sentence did not exceed the statutory maximum and was not based on an arithmetic error, and because he challenges neither the

---

[4] R. 1, 43.

[5] United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002).

[6] United States v. Jacobs, 635 F.3d 778, 781 (5th Cir. 2011) (quoting United States v. Palmer, 456 F.3d 484, 488 (5th Cir. 2006)).

[7] Id.

[8] Palmer, 456 F.3d at 488.

voluntariness of his plea nor the effectiveness of his counsel, his waiver of appeal rights bars the instant challenge to his sentence.

The Government's motion to dismiss Gray's appeal is GRANTED IN PART. The appeal is DISMISSED, without prejudice to Gray filing a motion for relief in the district court under 18 U.S.C § 3582(c)(2).