# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2012

No. 11-30531

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES H. WEGMANN, III, also known as Charles Wegmann, III, also
known as Jonathan Michael Neumire, also known as Charles Lefebre, also
known as Chase Wegmann

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-304-1

Before JONES, Chief Judge, and WIENER and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Charles Wegmann, III (Wegmann), challenges his
sentence for aggravated identity theft and bank, passport, and access device
fraud. Because we conclude that Wegmann waived his right to pursue this
appeal, we DISMISS it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30531

## I. Facts and Procedural History

This appeal arises from three separate criminal proceedings. In May 2010, Wegmann was indicted for passport fraud and aggravated identity theft by a federal grand jury in the District of Columbia. In September of that year, Wegmann was indicted for bank fraud and aggravated identity theft by a federal grand jury in the Eastern District of Virginia. And in October of that year, Wegmann was charged with bank fraud, access device fraud, and aggravated identity theft by bill of information in the Eastern District of Louisiana. The conduct underlying those charges occurred from approximately September 2008 to December 2009, during which period Wegmann used a stolen credit card and cashed stolen checks made out to himself or to one of his aliases, in turn obtained by stealing the Social Security numbers of a recently deceased child and teenager.

The district courts for the District of Columbia and the Eastern District of Virginia transferred their cases to the Eastern District of Louisiana for disposition. Wegmann subsequently pleaded guilty to all charges pursuant to a single plea agreement, whereby he "expressly waive[d] his rights to appeal from his conviction and/or his sentence" but "reserve[d] the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum." During the plea colloquy, however, the district court advised Wegmann that his "only right of appeal would be to appeal an illegal sentence." Wegmann's counsel did not object to that characterization of his client's appellate rights. The court sentenced Wegmann to 136 months in prison.

Wegmann does not contend that his sentence exceeds the statutory maximum, but rather that the district court erred by denying his motion for a continuance of sentencing and by applying a vulnerable-victim enhancement to his Guidelines sentencing level. He attempts to overcome his waiver of those grounds for appeal by attacking that waiver as invalid.

2

No. 11-30531

## II.  Discussion

We generally review *de novo* the validity of an appellate waiver.  *United States v. Jacobs*, 635 F.3d 778, 780-81 (5th Cir. 2011).   But, a criminal defendant's claim that he unknowingly or involuntarily waived his right to appeal based on a Rule 11 error to which he did not timely object is reviewed for plain error in the light of the record as a whole.  Fed. R. Crim. P. 11(b)(1)(N) (court must inform defendant of terms of plea-agreement appellate waiver); *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Narvaez*, 452 F. App'x 488, 490-91 (5th Cir. 2011).

An error is plain if it is clear or obvious and affected the appellant's substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  A criminal defendant's substantial rights were affected if he can "show a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  If the appellant shows plain error, we will exercise our discretion to remedy it only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Puckett*, 556 U.S. at 135 (internal quotation marks omitted).

The district court's overbroad statement of Wegmann's right to appeal under the plea agreement did not affect his substantial rights.  Wegmann is a highly educated person who was represented by counsel.  He acknowledged to the district court that he understood his plea agreement and does not now assert otherwise.  He raised no questions about the appellate waiver.  Nor does he contend that he would have pleaded differently had the district court not misspoken.  "At most, then, [Wegmann] complains of a technical Rule 11 deficiency that did not affect his substantial rights."  *Narvaez*, 452 F. App'x at 493.  He thus has failed to show plain error.  We hold him to his bargain.

Appeal DISMISSED.