# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10737
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY TROY JOHNSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-225-2

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Anthony Troy Johnson challenges the 48-month sentence imposed following his guilty-plea conviction for wire fraud. The district court stated the sentence was a variance from the advisory Guidelines sentencing range of 24 to 30 months' imprisonment and, alternatively, a departure pursuant to U.S.S.G. § 4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement)). Johnson contends the sentence, as an upward

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-10737

departure, is unreasonable because the court misinterpreted departure Guidelines.  He also contends the upward departure influenced the upward variance.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).  Johnson claims procedural error. (He does not offer any analysis regarding substantive reasonableness, *vel non*.)

"'Departure' . . . refers only to non-Guidelines sentences imposed under the [Guidelines] framework".  *Irizarry v. United States*, 553 U.S. 708, 714 (2008).   On the other hand, a variance is a sentence imposed outside the Guidelines framework.  *United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011).  "The district court's authority to impose a variance is discretionary and stems from 18 U.S.C. § 3553(a)." *Id.* (citation omitted).

It is unnecessary to determine whether the district court erred by departing under the Guidelines because the court, alternatively, imposed an upward variance.  *E.g.*, *United States v. Bonilla*, 524 F.3d 647, 656–57, 59 (5th Cir. 2008).  Furthermore, the record does not support Johnson's assertion that the allegedly erroneous upward departure influenced the upward variance.

AFFIRMED.