# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROCKY LEE CAMERON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CR-59

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rocky Lee Cameron appeals his guilty plea conviction and 143-month sentence for conspiracy to possess with intent to distribute oxycodone. *See* 21 U.S.C. § 846. The Government moves to dismiss or for summary affirmance. We dismiss the appeal as barred by the appeal waiver in Cameron's plea agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60014

We pretermit determination of the standard of review because the appeal waiver is enforceable under either the de novo standard or the plain error standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). There is no merit to Cameron's claim that Federal Rule of Criminal Procedure 11(b)(1)(M) was not satisfied and that consequently the plea agreement is involuntary, unknowing, and invalid.  The plea agreement correctly recited that the maximum possible sentence for the offense was 20 years, the minimum supervised release term was three years, and a fine of up to $1,000,000 was possible. *See* 21 U.S.C. §§ 841(b)(1)(C), 846.  Additionally, the agreement noted the district court's obligation to consider the Sentencing Guidelines and the court's discretion to sentence outside the Guidelines.

A written supplement to the plea agreement also made clear that the district court was free to sentence Cameron to the maximum term of imprisonment provided by law.  Cameron and his attorney each declared that the plea agreement and the supplement were read by or to Cameron, were explained to Cameron by his attorney, were understood by Cameron, were voluntarily accepted by Cameron, and were agreed to by Cameron.  Both Cameron and his counsel signed the plea agreement and the supplement.

Additionally, the district court at rearraignment reviewed with Cameron the maximum sentence he faced.  The district court emphasized its authority to sentence Cameron up to the maximum sentence.  A defendant is aware of the consequences of his plea for sentencing purposes and the plea is knowing and voluntary if the defendant understands the length of prison time he might face. *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990).

We conclude that the stated purpose of Rule 11(b)(1)(M)—which is "that the defendant understands" the court's sentencing authority and obligations— was achieved.  Cameron's waiver was made knowingly and voluntarily, and it

No. 15-60014

applies to the circumstances at hand, based on the agreement's plain language. *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011).  Because the appeal waiver admitted of no exceptions, it bars this appeal.  Consequently, we GRANT the Government's motion to dismiss and DENY the alternative motion for summary affirmance.

APPEAL DISMISSED.