# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50545

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR ARMANDO AVILA-JAIMES,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No.1:14-CR-300-1

Before JONES and OWEN, Circuit Judges, and ENGELHARDT, District Judge.[*]

PER CURIAM:[**]

Appellant Oscar Armando Avila-Jaimes pled guilty to both possession with intent to distribute cocaine and money laundering. On appeal, Avila-Jaimes challenges his waiver of appeal, the voluntariness of his guilty plea, and his sentence. We find no reversible error of fact or law. The judgment and sentence are AFFIRMED.

---

[*] Chief District Judge for the Eastern District of Louisiana.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50545

## BACKGROUND

Avila-Jaimes was involved at a high level in a multi-kilogram cocaine ring that purchased the drug from sources in Austin and distributed it to customers in Central Texas. A federal investigation revealed Avila-Jaimes's extensive activities in transferring drug proceeds, receiving and distributing multi-kilo quantities of cocaine, and recruiting others to assist in the enterprise. The investigation culminated as to Avila-Jaimes in the execution of a search warrant at his residence, where agents found approximately 10 kilograms of cocaine,[1] a loaded handgun, and $82,312 in drug proceeds.

Avila-Jaimes was indicted on eight counts but reached a plea deal covering only two counts of criminal conduct: possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and money laundering in violation of 18 U.S.C. § 1957. The PSR set his base offense level at 36 and recommended a four-point enhancement for his role in the offense as an organizer or leader. After an adjustment for acceptance of responsibility, Avila-Jaimes's total offense level amounted to 38. With a criminal history category of I, his advisory guidelines range was 235 to 293 months. The government and Avila-Jaimes agreed to a maximum sentence of 240 months imprisonment, and the plea agreement contained a waiver of appeal and waiver of post-conviction rights other than for ineffective counsel. The magistrate judge recommended adoption of the plea agreement.

Prior to sentencing, Avila-Jaimes objected to various aspects of the PSR, but more important for present purposes, he insisted that his attorney file a motion to withdraw as counsel just three days before the hearing. The district court denied the motion to withdraw as counsel on the grounds that the

---

[1] According to testimony at sentencing, the approximate sale price of 10 kilograms of cocaine is $388,046.

2

defendant required counsel for the sentencing hearing and no continuance would be granted if the attorney withdrew.   The court then sentenced Avila-Jaimes to concurrent terms of 240 months imprisonment on the drug count and 120 months on the money laundering count.   The next day, the district court entered an order clarifying that Avila-Jaimes had not technically moved to withdraw his guilty plea at the time of sentencing, but had there been a request, it would have been denied.  Avila-Jaimes timely appealed.  We discuss each of his issues in turn.

## DISCUSSION

A. Validity of the Appeal Waiver & Guilty Plea

Avila-Jaimes asserts that he did not knowingly and voluntarily plead guilty and waive his right to appeal because he required an interpreter and was not familiar with federal criminal procedure.  He contends that the district court should not have accepted his guilty plea because he was "clearly confused" about his rights at both his plea colloquy and sentencing hearing.

This court reviews *de novo* both the validity of a guilty plea and whether an appeal waiver bars an appeal.  *United States v. Reasor*, 418 F.3d 466, 478 (5th Cir.2005); *United States v. Scallon*, 683 F.3d 680, 682 (5th Cir. 2012).  A guilty plea must be voluntary, knowing, and intelligent.  *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 1468–69 (1970).  "When determining whether a plea is voluntary, this court considers all relevant circumstances and examines whether the conditions for a valid plea have been met."  *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).  Among the conditions for a valid plea, the defendant should have notice of the charges against him, understand the constitutional protections waived, and have access to the advice of counsel.  *Id*.  A defendant's statement that his plea is knowing and voluntary creates a presumption that the plea is valid.  *Id*. at 316.  Similarly, a defendant may waive his right to appeal as part of a valid plea agreement

"provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). If a defendant states on the record that he understands the waiver of appeal, the defendant's "later contention that he did not really understand will not invalidate the waiver." *Id.*

The record, which need not be recited in full, demonstrates the thoroughness of the magistrate judge's conduct of Avila-Jaimes's Rule 11 hearing. The magistrate judge specifically addressed the waiver of appeal provision in the plea agreement and told Avila-Jaimes that he "won't have any right to challenge the sentence or the fact that [he'll] be found guilty based upon [his] plea." The magistrate judge emphasized that Avila-Jaimes is "giving up [his] right to appeal or to challenge either the conviction for these offenses or the sentence that will follow." Avila-Jaimes acknowledged that he understood this provision.

The magistrate judge then reviewed his charge for unlawful possession with intent to distribute a controlled substance and expressly asked Avila-Jaimes if he understood the charge; Avila-Jaimes affirmed his understanding of the charge and his guilty conduct. When the magistrate judge asked if he wished to plead guilty to the money laundering charge, Avila-Jaimes replied that he was pleading guilty but he had "the right to fight for against what I'm being charged with." The judge then summarized the facts of the money laundering charge and explained to Avila-Jaimes that if he pled guilty, he was admitting to these facts as stated in his plea agreement and to the money laundering charge. Avila-Jaimes replied that he understood what he was admitting to, accepted the guilty plea, and affirmed that he made the guilty plea freely and voluntarily. Later in the Rule 11 proceeding, the judge again asked Avila-Jaimes if he was comfortable with his decision to plead guilty. The

judge explained that Avila-Jaimes would only be able to contest the details of his sentence, such as how much money was transported, but he was "not going to be able to say [that he] didn't do this at all." Avila-Jaimes again affirmed that he was comfortable with this plea.

At the sentencing hearing before the district court, Avila-Jaimes complained that he was not given an opportunity to present evidence and asserted that he had the "right to fight everything." To the extent these statements cast doubt on the appellant's previous acceptance of the guilty plea, the district court made a credibility finding against Avila-Jaimes. The court found it difficult to believe that Avila-James would not have pled guilty under the circumstances of his crimes, for which much of the evidence came from his mouth in tape recorded conversations. Further, the court disbelieved that Avila-Jaimes would rather have gone to trial on an eight-count indictment rather than plead guilty to only two counts. Consequently, the court accepted the plea agreement and imposed a total sentence of 240 months and five years of supervised release.

The record demonstrates that Avila-Jaimes knowingly and voluntarily entered into his guilty plea and accepted the consequences of the appeal waiver. *Jacobs*, 635 F.3d at 781. Avila-Jaimes was provided with a translator. That this was his first time in court, and he may not have had experience with federal criminal procedure, is immaterial to whether he voluntarily and freely assented to a guilty plea. Avila-Jaimes repeatedly stated on the record that he understood his plea agreement and knew that he could not appeal the determination of his guilt or the calculation of his sentence. Avila-Jaimes may not now retroactively inject confusion into the record by contending that he did not really understand his guilty plea or appeal waiver. *Id.* The district court disbelieved his attempts to contradict the plea agreement, and Avila-Jaimes's appellate arguments are simply an attack on the court's findings of fact. The

court justifiably credited his multiple statements accepting the guilty plea, which "create[d] the presumption that in fact the plea is valid." *Washington*, 480 F.3d at 316. Consequently, Avila-Jaimes will be "held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994).

Similarly meritless is Avila-Jaimes's contention that the district court erred in failing to grant his "motion" to withdraw his guilty plea. Avila-Jaimes never filed such a motion, although the government responded as if he had done so. Instead, he directed his attorney to file a motion to withdraw as counsel, citing irreconcilable conflict. The district court's June 9 order denied the motion for withdrawal of counsel with no mention of a motion to withdraw the plea. On June 11, the same day as the sentencing hearing, the district court issued another order observing that there was no pending motion to withdraw the plea, but the order nevertheless analyzed the *Carr* factors. The court concluded that had there been such a request, it would have been denied. *United States v. Carr*, 740 F.2d 339, 343 (5th Cir. 1984). Despite the district court's telegraphing a ruling on this issue, this court cannot rule on issues not raised below. In any event, Avila-Jaimes presents no more compelling argument to withdraw the guilty plea than he did to prevent its adoption by the district court.

B. Ineffective Assistance of Counsel

Avila-Jaimes argues that his attorney provided ineffective assistance of counsel at the plea and sentencing stages. He contends that his attorney made little or no effort to keep him apprised or to explain what was transpiring. An ineffective assistance of counsel claim cannot be litigated on direct appeal unless it was previously presented to the district court. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). This court considers such claims only in "rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim." *Id.* (internal quotations and citation

omitted).    The record here is too undeveloped to permit review of counsel's performance.    Avila-Jaimes's ineffective assistance of counsel claim is therefore denied without prejudice to collateral review.    *United States v. Higdon,* 832 F.3d 312, 314 (5th Cir. 1987).

C. Four Point Enhancement

Finally, Avila-Jaimes and the government dispute whether the appeal waiver bars this court from considering the applicability of the four point leader/organizer enhancement imposed by the district court under U.S.S.G. § 3B1.1(a).  Avila-Jaimes contends that at best he should have received a three point enhancement, which would have resulted in a total offense level of 37 and a guidelines range of 210–262 months imprisonment, given his criminal history category.

The appeal waiver has an exception where the sentence imposed exceeds the statutory maximum, or exceeds the applicable Guideline range.    The exception does not apply here.  Even if the district court should have enhanced his sentence by only three levels instead of four for his role in the offense, Avila-Jaimes's 240 month sentence nevertheless falls within the Guidelines range of both offense levels.  Because Avila-Jaimes's imposed sentence does not exceed the alleged applicable Guidelines range, the appeal waiver bars this challenge.

For the foregoing reasons, we **AFFIRM** the appellant's conviction and sentence.