# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50952
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNOLD MURRELL, also known as Rennie Murrell,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-846-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

In accordance with a written plea agreement, Defendant-Appellant Reynold Murrell, aka Rennie Murrell, pleaded guilty to distributing child pornography. He waived his appeal rights in his plea agreement, but he contends that the waiver no longer bars his attack on his 220-month sentence because the government breached the plea agreement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50952

In that agreement, the government agreed not to recommend a five-level increase for distribution in exchange for a thing of value.  Several months later, the government objected to the presentence report by arguing in favor of the five-level increase.  However, at sentencing, Murrell's attorney reminded the government of that part of the plea agreement, after which the government apologized, withdrew its objection, and agreed that a lesser increase was specified in the agreement.  The court then applied the lesser increase.

We need not decide whether Murrell adequately objected to preserve his claim for de novo appellate review.  Even if we were to apply de novo review, we would find that the government initially breached the agreement but then "cured its breach by withdrawing its objection and urging the application of the lesser enhancement." *United States v. Purser*, 747 F.3d 284, 294 (5th Cir. 2014); *see Puckett v. United States*, 556 U.S. 129, 140 (2009) (noting that a breach is curable if the government simply forgot its commitment but was willing to abide by the agreement when reminded).  Consequently, the timely corrected agreement did not invalidate Murrell's waiver of his right to appeal.

Murrell's appeal waiver is otherwise knowing and voluntary because he was properly advised that he was giving up his right to appeal.  *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011); FED. R. CRIM. P. 11(b)(1))(N).     Murrell cannot show that the sentencing court's misstatements about his right to appeal, made in passing almost two years after the plea, could have affected his decision to plead guilty or to waive his right to appeal.  *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992).  Murrell's appeal waiver is valid, so we need not address his challenges to his sentence.  His appeal is therefore DISMISSED.  *See Purser*, 747 F.3d at 294-95; 5TH CIR. R. 42.2.