# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-20555
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE WILLIAM QUINTANILLA, also known as Pablo, also known as Ronko,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-497-2

————————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jose William Quintanilla appeals following his guilty-plea conviction for conspiring in the sex trafficking of children by force and coercion in violation of 18 U.S.C. § 1594(c). He argues that the district court's refusal to hear his testimony at the sentencing hearing violated the Due Process Clause, Federal Rule of Criminal Procedure 32, U.S.S.G. § 6A1.3(a), and this court's precedents.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20555

Quintanilla entered his plea in accordance with a written plea agreement wherein he waived the right to appeal his conviction and sentence, except with the respect to his right to appeal a claim of ineffective assistance of counsel.  The Government seeks to enforce the waiver.  Our review whether the waiver provision bars the instant appeal is de novo.  *United States v. Jacobs*, 635 F.3d 778, 780-81 (5th Cir. 2011).  We construe the plea agreement "like a contract, seeking to determine the defendant's reasonable understanding of the agreement and construing any ambiguity against the Government."  *United States v. Farias*, 469 F.3d 393, 397 (5th Cir. 2006) (footnote omitted).

We need not reach whether the waiver encompasses Quintanilla's challenge to the conduct of the sentencing hearing.  Rather, our review of the record satisfies us that the district court did not abuse its discretion in declining to hear testimony.  *See United States v. Jackson*, 453 F.3d 302, 305 (5th Cir. 2006); *United States v. Henderson*, 19 F.3d 917, 927 (5th Cir. 1994).

AFFIRMED.