# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 21, 2017

Lyle W. Cayce
Clerk

No. 17-40263
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JASON MCLAUGHLIN,

Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:15-CR-18-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jason McLaughlin challenges both his guilty-plea conviction for solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373, and his sentence of 48 months' imprisonment, followed by three years' supervised release. He asserts: the court abused its discretion by denying his motion to withdraw his guilty plea, and by doing so without an evidentiary hearing; his sentence is substantively unreasonable; and he received ineffective assistance of counsel.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-40263

Denial of a motion to withdraw a plea is reviewed for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009).  Defendant has the burden of establishing a fair and just reason for such withdrawal.  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  In considering the motion, the court considers the totality of the circumstances, including seven factors:

> (1) whether . . . defendant has asserted his innocence;
> (2) whether . . . the government would suffer prejudice if the withdrawal motion were granted; (3) whether . . . defendant has delayed in filing his . . . motion; (4) whether . . . the withdrawal would substantially inconvenience the court; (5) whether . . . close assistance of counsel was available; (6) whether . . . the original  plea was knowing and voluntary; and (7) whether . . . the withdrawal would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

McLaughlin contends he never unequivocally declared his guilt and had a viable entrapment defense.  Contrary to his assertion, the record shows he made "affirmative declarations" of guilt.  *McKnight*, 570 F.3d at 649.  Moreover, he never unequivocally asserted his innocence. Additionally, a potential defense, realized after the plea, is not grounds to withdraw a plea on the basis of claimed innocence.  *E.g.*, *id.*

The timeliness factor weighs against McLaughlin because his motion was not filed until eight months after the acceptance of the plea.  Further, he had "close" assistance of counsel, despite his present assertion counsel was "ineffective."  *E.g.*, *id.* at 646–48 (finding close assistance even where it was unclear counsel had given all relevant information to the defendant).

McLaughlin's contention his guilty plea was unknowing and involuntary is not supported by the record.  The magistrate judge conducted an extensive plea colloquy during which McLaughlin expressed his desire to plead guilty, answered questions from the court in a manner indicating he understood the

2

nature of the proceedings, and affirmed he was entering his guilty plea knowingly, freely, and voluntarily.  The "strong presumption of verity" attaches to this declaration.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The court stated withdrawal would waste judicial resources and prejudice the Government.  McLaughlin offers no meaningful basis to dispute those findings.

Accordingly, he has not shown the court abused its discretion in determining the factors weighed against granting his withdrawal motion.  *See McKnight*, 570 F.3d at 645.

Regarding the court's not conducting an evidentiary hearing, McLaughlin does not identify any factual issue that required resolution at a hearing.  Therefore, there was no abuse of discretion.  *E.g.*, *Powell*, 354 F.3d at 370.

In challenging his sentence, McLaughlin asserts it is substantively unreasonable because the court should have granted a greater downward variance and should not have imposed a supervised-release term of three years.  Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51.

But, because McLaughlin did not object to the reasonableness of his sentence, review is only for plain error.  *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).  And, a below-Guidelines sentence is presumptively reasonable.  *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).

No. 17-40263

The court considered McLaughlin's points on mitigation, including his personal history and characteristics, the 18 U.S.C. § 3553(a) sentencing factors, and the Guidelines, and determined a 48-month sentence and three-year term of supervised release were appropriate. McLaughlin's assertion the court should have sentenced him even further below the Guidelines range merely reflects his disagreement with the propriety of his sentence. *E.g.*, *Simpson*, 796 F.3d at 559 n.63. He has not shown the clear-or-obvious error needed on plain-error review to disturb the presumption of reasonableness applicable to his sentence. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

He also contends his sentence is unreasonable because he qualified for downward departures under Guidelines §§ 5K2.20, 5K2.12, 5H1.3, and 5K2.10. Though he characterizes these claimed errors as substantive challenges to the denial of downward variances, he essentially challenges the court's failure to grant departures under the Guidelines. *E.g.*, *United States v. Jacobs*, 635 F.3d 778, 782–83 (5th Cir. 2011) (explaining distinction between departures and variances). We lack jurisdiction to review such challenges. *E.g.*, *United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006).

Finally, for numerous reasons, such as claiming his counsel was ineffective in failing to inform him of a viable entrapment defense, McLaughlin contends his counsel was ineffective. The determination whether counsel was ineffective, based on the numerous claims by McLaughlin, involves a fact-intensive inquiry, and the issues raised were not developed in district court. Accordingly, we decline to review this claim on direct appeal. *E.g.*, *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

AFFIRMED.