# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 19-50475
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRAYAN JASSIEL LEYVA-PERAZA,

Defendant-Appellant

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-540-1

———

Before HIGGINBOTHAM, HO, and ENGELHARDT,
PER CURIAM:[*]

Brayan Jassiel Leyva-Peraza pleaded guilty to transporting an illegal
alien for commercial advantage or private financial gain resulting in the alien's
death and was sentenced to a within-guidelines prison term of 71 months and
to three years of supervised release.  *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(iv).
He challenges the appeal waiver in his plea agreement on the bases that (a)
the district court did not comply with the requirement of Federal Rule of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-50475

Criminal Procedure 11(b)(1)(G) because the court failed to advise him of the nature of the charge to which he pleaded and (b) the plea agreement provision that bars him from seeking a variance sentence is unconscionable. In his view, compliance requires more than having the prosecutor read the charge and having the defendant give a single response to a routine question concerning his understanding of the charge. We review for plain error because Leyva-Peraza had, but did not take, "the opportunity to seek vindication of [his] rights in district court." *Puckett v. United States*, 556 U.S. 129, 136 (2009); *see United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

At rearraignment, Leyva-Peraza informed the court that nothing impeded him from understanding the proceeding. He stated that he reviewed the terms of the plea agreement with his counsel and understood those terms. After the court recited the charge set forth in the count of conviction, Leyva-Peraza stated that he understood the charge. He expressed satisfaction with his attorney's representation. After the prosecutor read the count of conviction to him in open court, Leyva-Peraza stated that he understood the charge in that count and wished to plead guilty to it. Further, he stated that he understood the factual basis recited in the plea agreement and had discussed the factual basis with his counsel. Leyva-Peraza told the court that his plea was free and voluntary and that he had not been threatened or forced to plead guilty. He answered no when asked if anyone had predicted or promised a specific sentence in his case. He again answered no when asked if he had questions about the charge in the count of conviction or his plea to that charge.

In light of his rearraignment testimony and the strong presumption of truthfulness attached to it, Leyva-Peraza at best shows only that the question whether the district court complied with Rule 11(b)(1)(G) is subject to reasonable debate, which is insufficient to establish plain error. *See Puckett*,

2

No. 19-50475

556 U.S. at 136; *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009); *see also United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009). Moreover, Leyva-Peraza fails to show that his claim of noncompliance is "entirely clear under the existing case authority," and consequently the claim is "doom[ed] . . . for plain error" review. *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). Equally unavailing is his novel and conclusory contention that his plea agreement was unconscionable. *See id.*; *Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 n.1 (5th Cir. 2007).

As shown above, Leyva-Peraza fails on plain error review to establish that his plea agreement is invalid. And he offers no other argument for invalidating the appeal waiver. Therefore, that waiver bars this appeal. *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011).

APPEAL DISMISSED.