# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2021

Lyle W. Cayce
Clerk

No. 20-20017
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IVAN DARIO OBREGON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-533-2

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Ivan Dario Obregon pleaded guilty to possessing with the intent to distribute 100 grams or more of heroin, an offense punishable by between five and 40 years of imprisonment. 21 U.S.C. § 841(a)(1), (b)(1)(B)(i). Finding that Obregon was eligible to benefit from 18 U.S.C. § 3553(f)(1)'s safety valve

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20017

provision as amended by the First Step Act, the district court varied downward from the applicable guidelines imprisonment range and sentenced Obregon below the statutory minimum to a 54-month prison term.

On appeal, Obregon raises claims of procedural error relating to the district court's calculation of his guidelines sentencing range. The Government argues that Obregon's claims are barred by the appeal waiver provision in his plea agreement.

We review de novo whether an appeal waiver bars an appeal. *United States v. Jacobs*, 635 F.3d 778, 780-81 (5th Cir. 2011). The record reflects that Obregon's appeal waiver was knowing and voluntary, *see United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005), and Obregon concedes as much. In addition, the language of the appeal waiver applies to Obregon's appellate arguments. *See Jacobs*, 635 F.3d at 781. Accordingly, the appeal is DISMISSED.