# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40185
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Tommy Ray Williams,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-210-1

———————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges.*

Per Curiam:*

Tommy Ray Williams pled guilty, pursuant to a written plea agreement with an appeal waiver, to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343. The district court concluded that a within-Guidelines sentence was not sufficient under the circumstances and sentenced Williams to 180 months of imprisonment, which represented an

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

upward variance from the Guidelines based on the 18 U.S.C. § 3553(a) sentencing factors.

Williams appeals his sentence and argues the district court procedurally erred by failing to provide an adequate explanation for its decision to impose the variance and that the sentence is substantively unreasonable. He argues the appeal waiver — under which he agreed, in relevant part, to waive his right to appeal his sentence except for a sentence exceeding the statutory maximum — does not bar the appeal. He asserts he agreed to the waiver "in exchange for the expectation that he would be given adequate due process and an explanation for the basis of his sentence," but he contends the district court failed to give adequate notice and reasons for the variance.

The Government filed a motion to dismiss the appeal based on the appeal waiver. The motion was carried with the case, and the Government filed a brief re-urging dismissal based on the appeal waiver and, alternatively, argued Williams failed to show that his sentence is unreasonable.

We review *de novo* whether the appeal waiver bars this appeal. *United States v. Jacobs*, 635 F.3d 778, 780–81 (5th Cir. 2011). "A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Id.* at 781 (quotation marks and citation omitted). While an enforceable appeal waiver does not deprive this court of jurisdiction, the Government may be entitled to dismissal of an appeal based on contractual grounds. *See United States v. Story*, 439 F.3d 226, 230–31 & n.5 (5th Cir. 2006).

The record shows that Williams was properly admonished regarding his plea agreement and the appeal waiver. He knew he had a right to appeal and would be giving up that right as part of his plea agreement, and he

understood the consequences of the waiver. *See Jacobs*, 635 F.3d at 781. Williams has not shown that the court's failure to provide advance notice (which he does not define) of its intent to impose the variance rendered the waiver invalid, and the record belies his claim that the district court failed to provide reasons justifying the variance.

Additionally, the appeal waiver "applies to the circumstances at hand, based on the plain language of the agreement." *Id.* The waiver contains no exception for a sentence imposed above or outside of the Guidelines range, and the 180-month sentence, although a significant variance, did not exceed the 20-year statutory maximum. While Williams might wish the waiver had been worded differently, "an agreement should be enforced as written, without regard to whether the parties contracted wisely." *Jacobs*, 635 F.3d at 783 (quotation marks and citation omitted).

Because the waiver is knowing and voluntary and applies to Williams's sentencing challenges based on the plain language of the plea agreement, the Government's motion to dismiss the appeal as barred by the appeal waiver is GRANTED. *See id.* 781–83. The appeal is DISMISSED.