# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-60553
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Ray Metsinger,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CR-77-1

———————————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Daniel Ray Metsinger pleaded guilty to failure to register as a sex offender. Metsinger appeals, challenging four supervised release conditions. In response, the Government has filed a motion to dismiss Metsinger's appeal based on the appellate waiver in his plea agreement and, alternatively, for summary affirmance.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60553

Metsinger concedes that his appellate waiver, if enforceable, would bar this appeal. However, Metsinger argues that the appellate waiver is unenforceable because the Government breached the plea agreement by recommending a supervised release condition not found within the Sentencing Guidelines.

We review appeal waivers de novo. *See United States v. Jacobs*, 635 F.3d 778, 780-81 (5th Cir. 2011). "[S]ummary disposition is proper" when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Dismissal is the appropriate remedy for enforcement of an appellate waiver. *See United States v. Story*, 439 F.3d 226, 230-31 & n.5 (5th Cir. 2006). "This court applies general principles of contract law in interpreting the terms of a plea agreement." *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013). We thus analyze the plain language of the plea agreement on its face. *Id.*

Metsinger's plea agreement did not prohibit the Government from recommending supervised release conditions beyond those set forth in the Guidelines. He has, therefore, failed to demonstrate a breach, and his appellate waiver is enforceable.

The Government's motion to dismiss is therefore GRANTED and the appeal is DISMISSED. The alternative motion for summary affirmance is DENIED.