# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-50303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISABEL MUNOZ, also known as Chavel, also known as Chavel Munoz, also known as Isabel Munoz, Jr., also known as Chubby Munoz, also known as Isabel Chavel,

Defendant-Appellant

————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-316-2

————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Isabel Munoz appeals his guilty plea conviction and 150-month sentence of imprisonment for conspiring to possess with intent to distribute 500 grams or more of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Reviewing for plain error, we affirm. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50303

We reject the contention that Munoz's plea agreement and guilty plea were not made knowingly and voluntarily and are therefore invalid.  Even viewed most favorably to Munoz, the record does not show a conspicuous or readily apparent district court error in accepting his guilty plea but instead shows that this claim is at least subject to reasonable dispute.  *See Puckett*, 556 U.S. at 135; *United States v. Ellis,* 564 F.3d 370, 377-78 (5th Cir. 2009); *United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997).  Therefore, there can be no plain error.  *See Puckett*, 556 U.S. at 135; *Ellis,* 564 F.3d at 377-78.  Moreover, even if there was an error beyond reasonable dispute, Munoz does not "show a reasonable probability that, but for the error, he would not have entered the [guilty] plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  Thus, he has not shown that his substantial rights were affected, and he consequently fails to satisfy the plain error standard of review.  *See Puckett*, 556 U.S. at 135; *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

We pretermit the question whether the appeal waiver in the plea agreement is valid.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *see also United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011).  Even if the waiver were to fall, Munoz has abandoned any claim of district court error in the calculation and selection of his sentence by failing to brief it.  *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.