# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41660
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BALDEMAR CARRILLO, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-577-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Baldemar Carrillo, Jr., appeals the above-guidelines sentence imposed for his conspiracy to transport an undocumented alien conviction. He contends that the sentence imposed is substantively unreasonable and that the district court made a clear error of judgment in balancing the 18 U.S.C. § 3553(a) sentencing factors. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41660

We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, irrespective of whether the sentence falls within the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).   In reviewing an upward variance for substantive reasonableness, we consider the totality of the circumstances, which includes the extent of any variance from the guidelines range; however, deference is owed to the district court's sentencing determination based on the § 3553(a) factors. *Id.* "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Carrillo contends that the district court gave undue weight to his being on probation for the aggravated sexual assault of his daughter at the time of the instant offense, when that fact had already been accounted for in the guidelines calculation.   That argument is unavailing.   In imposing a non-guidelines sentence, the district court may rely on factors already taken into account by the Guidelines. *Brantley*, 537 F.3d at 350; *see United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).   Carrillo's contention that the court gave too much weight to protecting the public is not supported by the record.   Although Carrillo may have been facing a life sentence in state court on the motion to revoke his probation, as the district court noted, the outcome of that proceeding was uncertain, and the probationary sentence imposed for his aggravated sexual assault of a child was indicative of the seriousness with which the state court viewed that offense.   As the district court noted, § 3553(a)(2)(B) and (C), two of the factors for consideration in sentencing, are the need for the sentence

No. 16-41660

imposed to afford adequate deterrence and to protect the public from further crimes.  Furthermore he committed the instant offense within two months of being sentenced to probation, which, as the district court stated, evinced that Carrillo "[did not] seem to be a good candidate for supervision of any kind." Insofar as Carrillo argues that the district court failed to consider his intellectual capabilities and his own sexual victimization as a child, those facts were before the court in the second addendum to the presentence report, which report the court adopted as its own findings.  *See* § 3553(a)(1) (taking into consideration the characteristics of the defendant).

Turning to the extent of the variance, we have affirmed greater variances from the guidelines range imposed for similar reasons.  *See, e.g., Smith*, 440 F.3d at 705-06 (affirming an upward variance of 33 months based on the defendant's criminal history and parole status); *United States v. Moreno Molina*, 433 F. App'x 304, 305-06 (5th Cir. 2011) (affirming a 36-month upward departure based on the illegal reentry defendant's "consistent and significant" criminal history).  Finally, we "may not reverse the district court's ruling just because [we] would have determined that an alternative sentence was appropriate." *Brantle*y, 537 F.3d at 349.

Carrillo has made no showing that his sentence does not account for a factor that should have received significant weight, that it gives significant weight to an irrelevant or improper factor, or that it represents a clear error in balancing the § 3553(a) factors.  *See Smith*, 440 F.3d at 708.  Accordingly, he has not shown that the district court abused its discretion.  *See Brantley*, 537 F.3d 347, 349; *Smith*, 440 F.3d at 708.

AFFIRMED.