# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30749

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRODERICK D. MATHES,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-69-6

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:*

This case represents the rare instance when both the defendant and the Government agree that the district court abused its discretion in fashioning a sentence for the defendant. Despite Defendant-Appellant Broderick Mathes' ("Mathes") extraordinary cooperation with the Government at the risk of his life, the district court gave him a variant sentence more than ten years above

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30749

the United States Sentencing Guidelines ("Guidelines") recommended maximum. While explaining the reasons for the sentence, the district court noted that Mathes would have been considered an armed career criminal if the Government had not dismissed a firearm charge against him. Because the district court improperly based the upward variance in part on the dismissed firearm charge, even though the dismissal did not affect his Guidelines sentencing exposure, the sentence is substantively unreasonable. Accordingly, the sentence is VACATED and this case is REMANDED for resentencing.

I

Mathes signed a plea agreement, pleading guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, possession with intent to distribute cocaine, possession of a firearm by a convicted felon, and using a telephone to facilitate a drug-trafficking crime. The revised presentence report (PSR) indicated that the firearm conviction exposed Mathes to a 15-year mandatory minimum sentence, as it was determined he was an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.

After Mathes pleaded guilty, the Government discovered evidence that Mathes did not commit the firearm offense, and successfully moved to dismiss that charge. The probation office then prepared a second revised PSR. The dismissal of the firearm charge removed the threat of the 15-year mandatory minimum but did not change the Guidelines range, which recommended a sentence of 188 to 235 months. The total offense level was 31, which included a two-level enhancement for possession of the gun on which the dismissed firearm charge had been based. *See* U.S.S.G. § 2D1.1(b)(1) (providing for a two-level increase when a firearm "was possessed").

Mathes objected to the two-level enhancement for possession of the firearm, contending that the evidence and the Government's dismissal of the

2

charge confirmed he was unaware of the presence of a gun. The probation officer opposed Mathes' objection in a supplemental addendum to the second revised PSR.[1] The probation officer also noted that, because Mathes was a career offender under U.S.S.G. § 4B1.1, the two-level enhancement did not affect his Guidelines range.

The Government filed a U.S.S.G. § 5K1.1 substantial assistance motion seeking an 11-level reduction in Mathes' Guidelines offense level. The motion described his extensive cooperation with the Government at the risk of his life and his familial relationships. Following his arrest and continuing through to his trial, Mathes provided the Government with reliable information about other drug traffickers and murders, assisting agents in deciphering intercepted phone calls, purchasing heroin from a dangerous drug trafficker as part of a crime task force, and testifying on behalf of the Government at his brother's trial.

At the sentencing hearing, the district court was skeptical of the Government's stated reason for dismissing the firearm charge. While discussing Mathes' cooperation with law enforcement and the determination that he was not guilty of the firearm offense, the Government noted that the dismissal of the firearm charge did not affect his advisory Guidelines range. The district court called the Government's position "disingenuous" because the dismissal removed the 15-year mandatory minimum sentence. The district court suggested the Government dismissed the gun charge in exchange for Mathes' testimony against other defendants, and further suggested the parties made "an end around" 18 U.S.C. § 3553. The district court did not accuse the lawyers of

---

[1] The probation officer presented three arguments in opposition to Mathes' objection. However, we need not address those arguments because Mathes did not appeal the application of the two-level enhancement to his sentence.

lying, but stated "the optics don't look good." For its part, the Government denied the existence of a deal to dismiss the firearm charge and indicated that it would have moved for a sentence below the 15-year mandatory minimum under § 3553(e) if the charge had not been dismissed. Despite the unveiled skepticism, the district court granted the Government's § 5K1.1 motion.

The district court denied Mathes' objection to the two-level enhancement for possession of the gun. The district court cited the preponderance of the evidence standard, noting that there was contradictory evidence and information in part because Mathes originally stated that he was aware of the presence of the gun during the plea agreement stage, but later denied such awareness in subsequent testimony. As a result, the district court determined it is improbable the firearm was not connected to the offense. After sustaining the two-level enhancement and granting the § 5K1.1 motion, the district court adopted the undisputed facts in the second revised PSR and found that the adjusted Guidelines range was 70 to 87 months.

Nevertheless, the district court announced it had identified reasons for an upward variance. In support of the variant sentence, the court provided: (1) Mathes was on work release when he committed the crimes at issue in this case; (2) Mathes' history of illegally carrying weapons; (3) Mathes' four previous drug trafficking convictions; and (4) the dismissal of the firearms charge, which allowed Mathes to avoid being deemed an armed career criminal—and subject to the 15-year mandatory minimum. Based on that information and the totality of the circumstances, the district court sentenced Mathes to 210 months' imprisonment.

The sentence represented an upward variance of over ten years above the recalculated Guidelines range top-end of 87 months and was within the

No. 17-30749

original Guidelines range of 188 to 235 months. Mathes objected to the variance. The district court filed a statement of reasons, adopting the PSR without change. Mathes timely appealed the variant sentence.

## II

Mathes objected to the variance. Accordingly, the reasonableness of the sentence is reviewed under an abuse-of-discretion standard following a two-step analysis. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Teel*, 691 F.3d 578, 585 (5th Cir. 2012).

This court first determines whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *Teel*, 691 F.3d at 585 (quoting *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009)).

If no procedural error occurred, this court considers the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. An above-Guidelines sentence is substantively unreasonable "where it '(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'" *United States v. Churchwell*, 807 F.3d 107, 123 (5th Cir. 2015) (quoting *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)). When a district court imposes a variant sentence, the reviewing court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. A substantial variance "should be supported by a more significant justification than a minor one." *Id.* at 50.

5

No. 17-30749

## A

Although Mathes and the Government agree that this court should vacate Mathes' sentence and remand this case for resentencing, the parties differ in their reasoning to have this court reach that conclusion. Mathes asserts that the variant sentence is procedurally and substantively unreasonable, while the Government contends only that it is substantively unreasonable. Because Mathes frames his challenge to the reasonableness of the sentence in terms of procedural error in part, we first address that argument.

Mathes asserts that the district court failed to adequately explain its misplaced reliance on the dismissed firearm charge in imposing a substantial upward variance. He directs this court to statutory language governing upward *departures* that allows a departure to be based on a dismissed count if the conduct underlying the dismissed count was not factored into the applicable Guidelines range. *See* U.S.S.G. § 5K2.21. He argues that requirement was not met in this case because the PSR applied a two-level enhancement under § 2D.1.1(b)(1), therefore, the dismissed firearm charge was already accounted for in the Guidelines range. Mathes further contends that the district court procedurally erred because it relied on the dismissed firearm charge without finding that he knew of the presence of the gun.

Mathes' arguments in support of finding procedural error are inapposite for three reasons.

First, "an upward departure and an upward variance are not one and the same." *United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011). The process a sentencing court must follow to impose a variance differs from the process required to impose a departure, and the court's power to impose either derives from distinct provisions of the U.S. Code. *See id.* Statutory language governing departures does not necessarily apply to variances. Mathes' argument premised on statutory language governing departures lacks merit.

6

No. 17-30749

Second, Mathes' contentions are more aptly analyzed under the substantive unreasonableness inquiry. Mathes contends the district court placed undue weight on the dismissed firearm charge and had no rational reason to impose the ten-year upward variance. This court has previously addressed analogous assertions under the substantively unreasonable analysis. For example, in *United States v. Chandler*, this court concluded the district court imposed a sentence that was substantively unreasonable and abused its discretion by basing an upward variance on the defendant's position as a police officer where there was no evidence his position facilitated the underlying offense. 732 F.3d 434, 439–40 (5th Cir. 2013). The sentence was substantively unreasonable because the district court had placed significant reliance on an improper factor. *Id.* at 440. Similarly, in *United States v. Gerezano-Rosales*, this court concluded that a three-year upward variance based on the defendant's disrespect to the court was a clear error in judgment in balancing the sentencing factors, and amounted to a substantively unreasonable sentence and an abuse of discretion. 692 F.3d 393, 401–02 (5th Cir. 2012).

Third, the district court made the necessary factual finding to use the firearm charge in sentencing. Mathes is correct that, during its ruling on his objection to the two-level enhancement under § 2D1.1(b)(1), the district court did not explicitly find that he knew about the presence of the firearm. However, the second revised PSR included a supplemental addendum that concluded there was a "preponderance of the evidence that [Mathes] was aware of the presence of the firearm." The district court did not reject that finding, and noted in its statement of reasons (SOR) that it adopted the undisputed factual statements in the second revised PSR without change. Further, the district court announced the preponderance of the evidence standard and concluded that it was probable or likely that the firearm was present and connected with

the offense. The district court determined by a preponderance of the evidence that the firearm was present and Mathes was aware of that fact.

Mathes has not demonstrated that the district court committed a procedural error in imposing the variant sentence. Next, we address whether the district court abused its discretion under the substantively unreasonable inquiry.

**B**

Both Mathes and the Government agree that his sentence is substantively unreasonable. The Government argues there was no rational basis for the upward variance. Even so, this court is not bound by the Government's concession, but independently reviews the sentence. *United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013) (per curiam) (quoting *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008)); *see also United States v. Claiborne*, 132 F.3d 253, 254–55 (5th Cir. 1998) (per curiam) (affirming defendant's sentence despite the Government asserting that the district court erred in applying the Sentencing Guidelines).

Mathes' sentence is substantively unreasonable because it gives significant weight to an irrelevant or improper factor and represents a clear error of judgment in balancing the sentencing factors. The emphasis the district court placed on the dismissed firearm charge led it astray.

Mathes' sentence gives significant weight to the dismissal of the firearm charge when that dismissal did not affect his Guidelines range—making the dismissal an irrelevant or improper factor. At sentencing, the district court determined that an upward variance was appropriate because the dismissal of the firearm charge allowed Mathes to avoid being considered an armed career criminal. The record indicates that the district court believed the elimination of the 15-year statutory minimum, due to the reclassification of Mathes, was an unjustified benefit accruing to him.

No. 17-30749

The dismissal of the firearm charge did not provide any real benefit to Mathes at sentencing. The dismissal did not affect Mathes' Guidelines range. Both before and after the dismissal, Mathes' Guidelines range was 188 to 235 months' imprisonment, eight months above the previous 15-year statutory minimum. Furthermore, the Government indicated at sentencing and in its brief that it would have sought relief from the statutory minimum under 18 U.S.C. § 3553(e) because of Mathes' extensive cooperation with law enforcement. The court would thus have had the discretion to impose a sentence below the statutory 15-year minimum.[2] Contrary to the district court's implication that Mathes received a benefit from the dismissal of the firearm charge, Mathes was in the same position with the dismissal as he would have been in without it.

The dismissal caused Mathes to be in a worse position than if he had been convicted of the firearm charge. Ostensibly, if the Government had not dismissed the charge, it would have filed a successful § 5K1.1 substantial assistance motion and sought relief from the statutory minimum under § 3553(e). The district court would have sentenced Mathes according to the 70 to 87 months Guidelines range without being skeptical of the optics regarding the Government's dismissal. Instead, the dismissal resulted in a ten-year upward variance and no realized benefit.

Without the inference that Mathes unjustifiably benefited from the dismissal, there is no basis for punishing Mathes for the dismissed firearm charge, and the dismissal represents an irrelevant or improper factor. The Government contends that it dismissed a charge it could not prove beyond a reasonable doubt. In addition, the Government believed that Mathes was innocent

---

[2] This point contradicts the sentencing court's belief that the Government's dismissal was engineered to be an end around § 3553(e). The dismissal did not result in any sentence that the Government could not have achieved with a § 3553(e) motion.

of the alleged offense. There was no rational basis to punish Mathes for the dismissal.

Mathes' sentence also represents a clear error in judgment in balancing the sentencing factors. The Supreme Court has instructed sentencing courts to support major variances with significant justifications and appellate courts to consider the extent of a deviation. *Gall*, 552 U.S. at 50–51. An examination of the degree of Mathes' variant sentence is helpful. The sentencing court imposed an upward variance of 123 months above the 87-month upper end of Mathes' Guidelines range—an increase of over ten years. The 210-month sentence is triple the 70-month lower end of the Guidelines range and over two times the upper end. The variant sentence falls in the 188 to 235 months Guidelines range that applied to Mathes before the Government's successful 11-level downward departure for substantial assistance, meaning Mathes realized no benefit from his years of assistance to law enforcement at the substantiated risk of his life and the deterioration of his familial relationships.[3]

The district court's justifications for the upward variance fail to meet the high bar for such a substantial deviation. The district court justified its variance based on Mathes' criminal history and the dismissal of the firearm charge.[4] However, as explained above, the dismissal provided no realized ben-

---

[3] As a direct result of his cooperation with the Government, Mathes has been shunned by his family and Mathes' brother has threatened his life on at least two occasions.

[4] The Government also asserts that the district court made a clear error of judgment in balancing the sentencing factors by relying on criminal history that was already accounted for in the Guidelines range to impose the upward variance. However, "[i]n imposing a non-guidelines sentence, the district court may rely on factors already taken into account by the Guidelines," including criminal history. *United States v. Carrillo*, 696 F. App'x 167, 168 (5th Cir. 2017) (per curiam); *see also United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (explaining that "giving extra weight to circumstances already incorporated in the guidelines . . . is within the discretion of the sentencing court"); *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (rejecting defendant's argument that "factors included in the Guidelines range calculation," including criminal history, "cannot support a non-Guidelines sentence,"

No. 17-30749

efit to Mathes and the Government believed that he was not guilty of the firearm charge. Therefore, there was no rational basis for the court to impose such a substantial variance.

The district court's reliance on the dismissal is a weak basis for a variance in Mathes' case because of his years-long reliable and substantial cooperation with the Government. This is especially true in light of the district court's determination that his cooperation warranted an 11-level downward departure for substantial assistance. The Government—the actor with the most experience and knowledge regarding Mathes' cooperation—asserts that the departure was warranted given the assistance he provided. Consequently, any determination that the dismissal gave Mathes a disproportionate benefit was not commensurate with the upward variance the district court imposed. The variance eliminated any benefit Mathes received for his cooperation and placed him in the same position, or worse,[5] than he would have been in without cooperating at all. Reviewing the facts of Mathes' case, and the justifications the sentencing court gave for its substantial upward variance, the upward variance represents a clear error in judgment in balancing the sentencing factors.

## III

Considering the totality of the circumstances, including the extent of the significant upward variance from the Guidelines range, and giving due deference to the district court's decision that the § 3553 factors justify the extent of

---

*id.* at 348–49, and explaining that "a district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence"). Though the Fifth Circuit previously considered the Government's argument meritorious, *see, e.g.*, *United States v. Perrin*, 478 F.3d 672, 678 (5th Cir. 2007), *United States v. Williams* recognized the abrogation of those cases by subsequent Supreme Court precedent, 517 F.3d 801, 810–11 & n.55 (5th Cir. 2008).

[5] Mathes may not have received threats on his life or damaged his familial relationships if he had not cooperated with the Government.

11

No. 17-30749

the variance, the district court abused its discretion by imposing a substantively unreasonable sentence.

Accordingly, Mathes' sentenced is VACATED, and this case is REMANDED to the district court for resentencing.