# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40996
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO MAGALLON-MOLINA, also known as Miguel Magallon-Molina,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1224-1

Before HAYNES, DUNCAN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Armando Magallon-Molina has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Magallon-Molina has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issue for appellate review.  Our review also reveals a clerical error in the district court's written statement of reasons, which reflects that the district court imposed an upward departure under U.S.S.G. § 4A1.3.  However, our review of the record, particularly the transcript of the sentencing hearing, reveals that the district court clearly imposed a discretionary variance outside of the guidelines framework in light of various 18 U.S.S.G. § 3553(a) factors. *See United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011) (explaining the difference between a variance and a departure).

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  *See* 5TH CIR. R. 42.2.  The case is REMANDED for the limited purpose of correcting the clerical error in the written statement of reasons.  *See* FED. R. CRIM. P. 36; *United States v. Powell,* 354 F.3d 362, 371-72 (5th Cir. 2003).