# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2024

Lyle W. Cayce
Clerk

———————

No. 22-30655
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RANDY JONAL SCHENCK,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CR-19-1

_____

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Randy Jonal Schenck pleaded guilty, pursuant to a written plea agreement containing an appeal waiver, to: interstate and foreign travel or transportation in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3)(A); and wire fraud, in violation of 18 U.S.C. § 1343. He

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

challenges his guilty plea, court-ordered restitution, and his within-Guidelines 300-months'-imprisonment sentence.

For the three issues presented by Schenck, the Government seeks enforcement of his appeal waiver only for his restitution and sentencing challenges. In the absence of the Government's objection, the waiver is not binding for his guilty-plea contentions. *See, e.g.*, *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("[Defendant]'s waiver of appeal is enforceable to the extent that the government invokes the waiver provision in his plea agreement.").

Schenck contends his guilty plea was not knowing and voluntary because of claimed errors in his plea colloquy. *See* Fed. R. Crim. P. 11(b)(1). Because he did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Schenck must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Schenck does not show the requisite clear-or-obvious error for whether his guilty plea was knowing and voluntary. The district court placed him under oath and informed him, *inter alia*, that he had the right to confront witnesses against him and to be protected from self-incrimination. *See* Fed. R. Crim. P. 11(b)(1)(E). Schenck acknowledged he waived those rights by pleading guilty. *See, e.g.*, *Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969) (outlining knowing and voluntary waiver). Schenck also does not show the requisite clear-or-obvious error in the court's not reissuing the

admonishments after a short break in the plea colloquy. *See* FED. R. CRIM. P. 11(b)(1); *United States v. King*, 979 F.3d 1075, 1079 (5th Cir. 2020) ("Rule 11 does not require the judge to use talismanic phrases or engage in rote recitation."); *United States v. Henry*, 113 F.3d 37, 41 (5th Cir. 1997) ("Rule 11 is not to be read as requiring a litany or other ritual which can be carried out only by word-for-word adherence to a set script". (citation omitted)).

Schenck asserts the district court participated in plea negotiations in violation of Federal Rule of Criminal Procedure 11(c)(1). Review is again for plain error (as he concedes), outlined *supra*. *See Puckett*, 556 U.S. at 135. Schenck has not shown the requisite clear-or-obvious error for whether the court's reversal of a prior ruling was "predictive of the defendant's criminal-justice outcome; suggestive of the best or preferred course of action for the defendant; or indicative of the judge's views as to guilt". *United States v. Draper*, 882 F.3d 210, 215 (5th Cir. 2018); *see* FED. R. CRIM. P. 11(c)(1).

Regarding the denial of his motion to withdraw his guilty plea, Schenck has not shown the district court abused its discretion. *See United States v. Lord*, 915 F.3d 1009, 1013–14 (5th Cir. 2019) (outlining standard of review). In determining whether defendant may withdraw his guilty plea after acceptance but before sentencing, our court applies the seven-factor test stated in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). Schenck does not show the district court "base[d] its decision on an error of law or" that its evaluation of the factors was "a clearly erroneous assessment of the evidence". *Lord*, 915 F.3d at 1013–14 (citation omitted).

Schenck next challenges his sentence and portions of the court-ordered restitution. As noted *supra*, the Government seeks enforcement of his appeal waiver to these two challenges, which applies, *inter alia*, to them.

Review of an appeal waiver's applicability is *de novo*. *E.g.*, *United States v. Jacobs*, 635 F.3d 778, 780–81 (5th Cir. 2011). A valid appeal waiver

must:  (1) be "knowing and voluntary"; and (2) "appl[y] to the circumstances at hand, based on the plain language of the agreement". *Id.* at 781 (citation omitted).

Schenck contends only that his appeal waiver, included in his written plea agreement, was not knowing and voluntary.  The record shows otherwise, as discussed in part *supra*. *See, e.g.*, *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (discussing knowing-and-voluntary-waiver standard).

Because the waiver bars appeal of his two challenges—and because he does not contest the waiver's application to the circumstances at hand—his sentencing and restitution challenges are barred.  *See, e.g.*, *United States v. Keele*, 755 F.3d 752, 756 (5th Cir. 2014) (noting "in excess of the statutory maximum" challenge must be properly raised on appeal).

AFFIRMED in part; DISMISSED in part.